**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(Southern Division)**

| | |
|---|---|
| GENESEE VENDING, INC., *et al*, ) | |
| Plaintiffs, ) | |
| ) | **CASE NO.  04-60091** |
| v. ) | Hon. Marianne O. Battani |
| ) | Hon. Wallace Capel, Jr. |
| LORILLARD TOBACCO COMPANY, ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW, Plaintiffs, by and through counsel, and complain of Defendant as follows:

1.     This complaint is filed on the proceedings instituted under Title 15 United States Code, Section 15, commonly known as the Clayton Act for an injunction and to recover damages for injury caused by Defendant to the property and businesses of Plaintiffs by reason of violation by Defendant, as alleged below, of Sections 2(a), (d) and (e) of the Robinson-Patman Act (the "Act"), Title 15 U.S.C. Sections 13(a), (d) and (e).

2.     This court has jurisdiction of the subject matter of this complaint under 28 U.S.C. Section 1337.

3.     Plaintiffs bring this Class Action Complaint on behalf of all owners and operators of cigarette vending machines in the United States.

4.     The class is so numerous that joinder of all members is impracticable.  While the precise number of class numbers is unknown to Plaintiffs at this time, it is estimated that the class includes over 300 owners and operators of cigarette vending machines in the

United States.  It is estimated that there are 50,000 cigarette vending machines on location in the United States.

5.      The questions of law and fact that are raised in this Complaint are questions of law and fact common to all members of the class.

6.      The claims of Plaintiff are typical of the claims of the class.  The Defendant's actions that are the subject of this lawsuit are actions directed against all cigarette vending machine owners and operators.  The effect that Defendant's challenged actions have had, and will have, on Plaintiffs is similar to the effect that the challenged actions have had, and will have, on the class.

7.      Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have engaged counsel to represent the class in this action, such counsel having expertise in class action litigation, as well as an understanding of the cigarette vending industry.

8.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the class is impracticable.  In addition, many of the class members are small family run businesses that cannot undertake the expense and burden of individual litigation.

9.      Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  The common issues in this case predominate over individual issues, if any, and Plaintiffs agree that, if and as necessary, the court may manage individual issues by sub-classing, by separate trial (or proof of claim procedures) of any individual issues after trial of the common issues has occurred, by allowing opt-outs, and similar steps.

10.     This Class Action is maintainable pursuant to Fed. R. Civ. P. 23(b)(1) in that the prosecution of separate actions by individual members of class would create a risk of: (a) inconsistent of varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class; and (b) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

11.     This Class Action is maintainable pursuant to Fed. R. Civ. P. 23(b)(2) in that the party opposing the class has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

12.     Plaintiffs are corporations.  An address for each Plaintiff is provided in Exhibit A to the initial Complaint, if not set forth herein.  Each Plaintiff is engaged in the sale of cigarettes to the ultimate consumer through cigarette vending machines.  The Plaintiffs are retail distributors of cigarettes that include Defendant's brands.

13.     In conducting their business, Plaintiffs compete with convenience stores, gasoline stations, mini-marts, kiosks and discount stores in the sale of cigarettes, including Defendant's brands, to consumers.

14.     Defendant, Lorillard Tobacco Company, is a corporation with its principal place of business in Greensboro, N.C.  It conducts business in every part of the United States through the manufacture and sale of cigarettes.  Defendant manufactures and distributes cigarettes under several brand names, its leading brand name being Newport.

Defendant is the country's third largest cigarette manufacturer with a national market share estimated at 15 percent of all cigarettes sold in vending machines.

15.     Cigarettes manufactured and sold by Defendant to Plaintiffs and Plaintiffs' retail competitors move across state lines in a continuous stream of interstate commerce. Defendant sells cigarettes of identical grade and quality to Plaintiffs and to each individual Plaintiff's retail competitors.

16.     Defendant sells its cigarettes to Plaintiffs both directly and indirectly through wholesalers.  Defendant distributes and implements its promotional benefits and programs directly to retail outlets.

## COUNT I
### (Section 2(a) – Price Discrimination)

17.     Plaintiffs restate and reallege paragraphs 1-16 of this Complaint as if fully set forth herein.  As to those named Plaintiffs who purchase, and have purchased, cigarettes directly from Defendant, and, as to all direct-purchasing members of the class, Plaintiffs further complain as follows.

18.     Rebates, buy-back and buy-down payments remitted by Defendant to Plaintiffs' competitors, but not to Plaintiffs, constitute price discrimination in violation of Section 2(a) of the Act.  15 U.S.C. Section 13(a) (2004).

19.     Defendant's conduct adversely affects and injures, suppresses and eliminates competition between Plaintiffs and their competitors in violation of Section 2(a) of the Act.  15 U.S.C. Section 13(a) (2004).

20.     C.I.C. Corporation is located in Mountainside, NJ and operates cigarette vending machines throughout Mountainside, NJ.  C.I.C. Corporation owns and operates 580 cigarette vending machines.  C.I.C. Corporation competes with other cigarette retail

outlets, including but not limited to 7-Eleven #2412 1430, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  C.I.C. Corporation retail's competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to C.I.C. Corporation.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against C.I.C. Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between C.I.C. Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, C.I.C. Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $1,450,000.00.  Defendant's continued misconduct in violation of the law threatens C.I.C. Corporation with future losses and injuries attributable directly to the violation.

21.     Baton Rouge Cigarette Service is located in Baton Rouge, LA and operates cigarette vending machines throughout Baton Rouge.   Baton Rouge Cigarette Service owns and operates 714 cigarette vending machines.  Baton Rouge Cigarette Service competes with other cigarette retail outlets, including but not limited to Swifty's Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport

and Newport Light, to adult consumers.  Baton Rouge Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Baton Rouge Cigarette Service.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Baton Rouge Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Baton Rouge Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Baton Rouge Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $1,785,000.00.  Defendant's continued misconduct in violation of the law threatens Baton Rouge Cigarette Service with future losses and injuries attributable directly to the violation.

22.     Elum Music Company is located in Massillon, OH and operates cigarette vending machines throughout Massillon, OH.  Elum Music Company owns and operates 332 cigarette vending machines.  Elum Music Company competes with other cigarette retail outlets, including but not limited to Snack Box Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Elum Music Company's retail competitors receive promotional benefits

directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Elum Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Elum Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Elum Music Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Elum Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $830,000.00.  Defendant's continued misconduct in violation of the law threatens Elum Music Company with future losses and injuries attributable directly to the violation.

23.     Free-Dells Vending, Inc. is located in Mountainside, NJ and operates cigarette vending machines throughout Mountainside, NJ.  Free-Dells Vending, Inc. owns and operates 425 cigarette vending machines.  Free-Dells Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1631 29347, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Free-Dells Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and

buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Free-Dells Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Free-Dells Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Free-Dells Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Free-Dells Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $1,062,500.00.  Defendant's continued misconduct in violation of the law threatens Free-Dells Vending, Inc. with future losses and injuries attributable directly to the violation.

24.     General Vending Services, Inc. is located in Fort Lauderdale, FL and operates cigarette vending machines throughout Fort Lauderdale, FL.  General Vending Services, Inc. owns and operates 101 cigarette vending machines.  General Vending Services, Inc. competes with other cigarette retail outlets, including but not limited to Winn Dixie #339, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light.  General  Vending Services Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to General Vending Services, Inc.

Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against General Vending Services, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between General Vending Services, Inc. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, General Vending Services, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $353,500.00. Defendant's continued misconduct in violation of the law threatens General Vending Services, Inc. with future losses and injuries attributable directly to the violation.

25.     Hillman Vending Co., Inc. is located in Napa, CA and operates cigarette vending machines throughout Napa. Hillman Vending Co., Inc. owns and operates 150 cigarette vending machines. Hillman Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2231 14150, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers. Hillman Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hillman Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against

Hillman Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hillman Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Hillman Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Hillman Vending Co., Inc. with future losses and injuries attributable directly to the violation.

26.     Melo-Tone Vending, Inc. is located in Somerville, MA and operates cigarette vending machines throughout Somerville.  Melo-Tone Vending, Inc. owns and operates 1438 cigarette vending machines.  Melo-Tone Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2462 32473, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Melo-Tone Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Melo-Tone Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Melo-Tone Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult

consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Melo-Tone Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Melo-Tone Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $3,595,000.00.  Defendant's continued misconduct in violation of the law threatens Melo-Tone Vending, Inc. with future losses and injuries attributable directly to the violation.

27.     Paramount Vending, Inc. is located in Pompano Beach, FL and operates cigarette vending machines throughout Florida.  Paramount Vending, Inc. owns and operates 947 cigarette vending machines.  Paramount Vending, Inc. competes with other cigarette retail outlets, including but not limited to Citgo Quik Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Paramount Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Paramount Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Paramount Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Paramount Vending, Inc. and

Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Paramount Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $2,367,500.00.  Defendant's continued misconduct in violation of the law threatens Paramount Vending, Inc. with future losses and injuries attributable directly to the violation.

28.      Penn Triple S t/a Penn Vending is located in Bensalem, PA and operates cigarette vending machines throughout Bensalem.  Penn Triple S t/a Penn Vending owns and operates 938 cigarette vending machines.  Penn Triple S t/a Penn Vending competes with other cigarette retail outlets, including but not limited to Wawa #077, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Penn Triple S t/a Penn Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Penn Triple S t/a Penn Vending.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Penn Triple S t/a Penn Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Penn Triple S t/a Penn Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Penn Triple S t/a Penn Vending has been injured in

its business and property through losses in sales and profits in an amount not less than $2,345,000.00.  Defendant's continued misconduct in violation of the law threatens Penn Triple S t/a Penn Vending with future losses and injuries attributable directly to the violation.

29.     Reliable Vending Service, Inc. is located in Key West, FL and operates cigarette vending machines throughout Key West.  Reliable Vending Service, Inc.owns and operates 69 cigarette vending machines.  Reliable Vending Service, Inc. competes with other cigarette retail outlets, including but not limited to Dion's Quik Mart #5, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Reliable Vending Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Reliable Vending Service, Inc.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Reliable Vending Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Reliable Vending Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Reliable Vending Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $172,500.00.

Defendant's continued misconduct in violation of the law threatens Reliable Vending Service, Inc. with future losses and injuries attributable directly to the violation.

30.     S&S Automatic is located in Milford, CT and operates cigarette vending machines throughout Milford.   S&S Automatic owns and operates 167 cigarette vending machines.  S&S Automatic competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  S&S Automatic's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to S&S Automatic.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against S&S Automatic and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between S&S Automatic and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, S&S Automatic has been injured in its business and property through losses in sales and profits in an amount not less than $417,500.00. Defendant's continued misconduct in violation of the law threatens S&S Automatic with future losses and injuries attributable directly to the violation.

WHEREFORE, Plaintiffs pray the Court enter judgment against Defendant, as follows:

1.      Certify as a class, all owners and operators of cigarette vending machines in the United States, and include all owners and operators of cigarette vending machines who purchase, or have purchased, cigarettes directly from Defendant as a sub-class thereof;

2.      Award damages in an amount compensating Plaintiffs and members of the class for their injuries and apportioned among Plaintiffs, trebled, their costs and reasonable attorneys fees;

3.      Issue an injunction prohibiting Defendant from paying promotional benefits, fees, rebates, and buy-downs to Plaintiffs' retail competitors; and,

4.      Such other relief as the Court may deem just and proper.

## COUNT II
### (Section 2(d) and (e) – Promotion Programs)

31.      Plaintiffs restate and reallege paragraphs 1- of this Complaint as if fully set forth herein.  As to all named Plaintiffs, and as to all members of the class, Plaintiffs further complain as follows.

32.      Beginning in 1998 and continuing today, Defendant in violation of Section 2(d) and (e) of the Act, engaged and continues to engage in a continuous course of discrimination against cigarette vending machine operators throughout the United States.

33.     1st Choice Vending Service is located in Council Bluffs, IA and operates cigarette vending machines throughout Council Bluffs.  1st Choice Vending Service owns and operates 38 cigarette vending machines.  1st Choice Vending Service competes with other cigarette retail outlets, including but not limited to Speedee Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  1st Choice Vending Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to 1st Choice Vending Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against 1st Choice Vending Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between 1st Choice Vending Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, 1st Choice Vending Service has been injured in its business and property through losses in sales and profits in an amount not less than $95,000.00.  Defendant's continued misconduct in violation of the law threatens 1st Choice Vending Service with future losses and injuries attributable directly to the violation.

34.     521 Corporation t/a Coastal Vending Company is located in Washington, DC and operates cigarette vending machines throughout Washington.  521 Corporation t/a Coastal Vending Company owns and operates 24 cigarette vending machines.  521 Corporation t/a Coastal Vending Company competes with other cigarette retail outlets, including but not limited to Exxon Shop, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  521 Corporation t/a Coastal Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to 521 Corporation t/a Coastal Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against 521 Corporation t/a Coastal Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between 521 Corporation t/a Coastal Vending Company and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, 521 Corporation t/a Coastal Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $60,000.00.  Defendant's continued misconduct in violation of the law threatens 521 Corporation t/a Coastal Vending Company with future losses and injuries attributable directly to the violation.

35.     A & H Entertainers, Inc. is located in Rolling Meadows, IL and operates cigarette vending machines throughout Rolling Meadows.  A & H Entertainers, Inc. owns and operates 153 cigarette vending machines.  A & H Entertainers, Inc. competes with other cigarette retail outlets, including but not limited to Mobil Mart #13284, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A & H Entertainers, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A & H Entertainers, Inc.Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A & H Entertainers, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A & H Entertainers, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A & H Entertainers, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $382,500.00.  Defendant's continued misconduct in violation of the law threatens A & H Entertainers, Inc. with future losses and injuries attributable directly to the violation.

36.     A&A Cigarette Service, Inc. is located in Springfield, MA and operates cigarette vending machines throughout Springfield.  A&A Cigarette Service, Inc. owns and operates 113 cigarette vending machines.  A&A Cigarette Service, Inc. competes with other cigarette retail outlets, including but not limited to Sunoco Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A&A Cigarette Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A&A Cigarette Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A&A Cigarette Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A&A Cigarette Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A&A Cigarette Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $282,500.00.  Defendant's continued misconduct in violation of the law threatens A&A Cigarette Service, Inc. with future losses and injuries attributable directly to the violation.

37.     A&B Vending Company is located in Cos Cob, CT and operates cigarette vending machines throughout Cos Cob.  A&B Vending Company owns and operates 37 cigarette vending machines.  A&B Vending Company competes with other cigarette retail outlets, including but not limited to Courtesy Mobil Green, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A&B Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A&B Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A&B Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A&B Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A&B Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $92,500.00.  Defendant's continued misconduct in violation of the law threatens A&B Vending Company with future losses and injuries attributable directly to the violation.

38.     A&T Vending is located in Alquippa, PA and operates cigarette vending machines throughout Alquippa.  A&T Vending owns and operates 92 cigarette vending machines.  A&T Vending competes with other cigarette retail outlets, including but not limited to Friend's Sunoco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A&T Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A&T Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A&T Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A&T Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A&T Vending has been injured in its business and property through losses in sales and profits in an amount not less than $230,000.00. Defendant's continued misconduct in violation of the law threatens A&T Vending with future losses and injuries attributable directly to the violation.

39.     A. Karnavas Company is located in Ambridge, PA and operates cigarette vending machines throughout Ambridge.  A. Karnavas Company owns and operates 97 cigarette vending machines.  A. Karnavas Company competes with other cigarette retail outlets, including but not limited to Dairy Mart #4205, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A. Karnavas Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A. Karnavas Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A. Karnavas Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A. Karnavas Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A. Karnavas Company has been injured in its business and property through losses in sales and profits in an amount not less than $242,500.00.  Defendant's continued misconduct in violation of the law threatens A. Karnavas Company with future losses and injuries attributable directly to the violation.

40.     A. Van Brackel & Sons, Inc. is located in Defiance, OH and operates cigarette vending machines throughout Defiance.  A. Van Brackel & Sons, Inc. owns and operates 95 cigarette vending machines.  A. Van Brackel & Sons, Inc. competes with other cigarette retail outlets, including but not limited to South Clinton Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A. Van Brackel & Sons, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A. Van Brackel & Sons, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A. Van Brackel & Sons, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A. Van Brackel & Sons, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A. Van Brackel & Sons, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $237,500.00. Defendant's continued misconduct in violation of the law threatens A. Van Brackel & Sons, Inc. with future losses and injuries attributable directly to the violation.

41.     A.L.D. Service, Inc. is located in St. Charles, MO and operates cigarette vending machines throughout St. Charles.  A.L.D. Service, Inc. owns and operates 14 cigarette vending machines.  A.L.D. Service, Inc. competes with other cigarette retail outlets, including but not limited to Jung Station Texaco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. A.L.D. Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A.L.D. Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A.L.D. Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A.L.D. Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A.L.D. Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $35,000.00.  Defendant's continued misconduct in violation of the law threatens A.L.D. Service, Inc. with future losses and injuries attributable directly to the violation.

42.     A.P. Vending Amusement Company is located in Rowley, MA and operates cigarette vending machines throughout Rowley.  A.P. Vending Amusement Company owns and operates 86 cigarette vending machines.  A.P. Vending Amusement Company competes with other cigarette retail outlets, including but not limited to Seven Eleven 32434, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A.P. Vending Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A.P. Vending Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against A.P. Vending Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A.P. Vending Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A.P. Vending Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $215,000.00.  Defendant's continued misconduct in violation of the law threatens A.P. Vending Amusement Company with future losses and injuries attributable directly to the violation.

43.     A-1 Cigarette Vending Company is located in Jacksonville, NC and operates cigarette vending machines throughout Jacksonville.  A-1 Cigarette Vending Company owns and operates 314 cigarette vending machines.  A-1 Cigarette Vending Company competes with other cigarette retail outlets, including but not limited to Circle K #8821, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A-1 Cigarette Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A-1 Cigarette Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against A-1 Cigarette Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A-1 Cigarette Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A-1 Cigarette Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $785,000.00.  Defendant's continued misconduct in violation of the law threatens A-1 Cigarette Vending Company with future losses and injuries attributable directly to the violation.

44.     A-1 Vending is located in Couper City, FL and operates cigarette vending machines throughout Couper City.  A-1 Vending owns and operates 71 cigarette vending machines.  A-1 Vending competes with other cigarette retail outlets, including but not limited to Mobil Mart #15790, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  A-1 Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to A-1 Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against A-1 Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between A-1 Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, A-1 Vending has been injured in its business and property through losses in sales and profits in an amount not less than $177,500.00. Defendant's continued misconduct in violation of the law threatens A-1 Vending with future losses and injuries attributable directly to the violation.

45.     AAA Vending is located in Nashville, TN and operates cigarette vending machines throughout Nashville.  AAA Vending owns and operates 150 cigarette vending machines.  AAA Vending competes with other cigarette retail outlets, including but not limited to Scot Market #33, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  AAA Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to AAA Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against AAA Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between AAA Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, AAA Vending has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens AAA Vending with future losses and injuries attributable directly to the violation.

46.     Accent Vending, Inc. is located in Indianapolis, IN and operates cigarette vending machines throughout Indianapolis.  Accent Vending, Inc. owns and operates 150 cigarette vending machines.  Accent Vending, Inc. competes with other cigarette retail outlets, including but not limited to B&B Liquor, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Accent Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Accent Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Accent Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Accent Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Accent Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Accent Vending, Inc. with future losses and injuries attributable directly to the violation.

47.     Ace Amusements, Inc. is located in Brooklyn, NY and operates cigarette vending machines throughout Brooklyn.  Ace Amusements, Inc. owns and operates 150 cigarette vending machines.  Ace Amusements, Inc. competes with other cigarette retail outlets, including but not limited to Ave M Groc. & News, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Ace Amusements, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ace Amusements, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ace Amusements, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ace Amusements, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ace Amusements, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Ace Amusements, Inc. with future losses and injuries attributable directly to the violation.

48.     Ace Games, Inc. is located in Golden, CO and operates cigarette vending machines throughout Golden.  Ace Games, Inc. owns and operates 52 cigarette vending machines.  Ace Games, Inc. competes with other cigarette retail outlets, including but not limited to On The Go #5, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Ace Games, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ace Games, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ace Games, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ace Games, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ace Games, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $130,000.00. Defendant's continued misconduct in violation of the law threatens Ace Games, Inc. with future losses and injuries attributable directly to the violation.

49.     Ace Vending is located in Tampa, FL and operates cigarette vending machines throughout Tampa.  Ace Vending owns and operates 55 cigarette vending machines.  Ace Vending competes with other cigarette retail outlets, including but not limited to Dash In Dash Out, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Ace Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ace Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ace Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ace Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ace Vending has been injured in its business and property through losses in sales and profits in an amount not less than $137,500.00.  Defendant's continued misconduct in violation of the law threatens Ace Vending with future losses and injuries attributable directly to the violation.

50.     Ace Vending Service, Inc. is located in Charlotte, NC and operates cigarette vending machines throughout Charlotte.  Ace Vending Service, Inc. owns and operates 22 cigarette vending machines.  Ace Vending Service, Inc. competes with other cigarette retail outlets, including but not limited to Exxon OTR #40576, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Ace Vending Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ace Vending Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ace Vending Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ace Vending Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ace Vending Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $55,000.00.  Defendant's continued misconduct in violation of the law threatens Ace Vending Service, Inc. with future losses and injuries attributable directly to the violation.

51.     ACME Music & Vending, Inc./ Am. Coin Machine Exchange is located in Canfield, OH and operates cigarette vending machines throughout Canfield.  ACME Music & Vending, Inc./ Am. Coin Machine Exchange owns and operates 150 cigarette vending machines.  ACME Music & Vending, Inc./ Am. Coin Machine Exchange competes with other cigarette retail outlets, including but not limited to Racoon Road Beer and Wine, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  ACME Music & Vending, Inc./ Am. Coin Machine Exchange's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to ACME Music & Vending, Inc./ Am. Coin Machine Exchange. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against ACME Music & Vending, Inc./ Am. Coin Machine Exchange and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between ACME Music & Vending, Inc./ Am. Coin Machine Exchange and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, ACME Music & Vending, Inc./ Am. Coin Machine Exchange has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law

threatens ACME Music & Vending, Inc./ Am. Coin Machine Exchange with future losses and injuries attributable directly to the violation.

52.     Advanced Cigarette Service is located in Kansas City, MO and operates cigarette vending machines throughout Kansas City.  Advanced Cigarette Service owns and operates 97 cigarette vending machines.  Advanced Cigarette Service competes with other cigarette retail outlets, including but not limited to Texaco Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Advanced Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Advanced Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Advanced Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Advanced Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Advanced Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $242,500.00.  Defendant's continued misconduct in violation of the law threatens Advanced Cigarette Service with future losses and injuries attributable directly to the violation.

53.     Advanced Vending Co. is located in Nashville, TN and operates cigarette vending machines throughout Nashville.  Advanced Vending Co. owns and operates 150 cigarette vending machines.  Advanced Vending Co. competes with other cigarette retail outlets, including but not limited to EZ Market, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Advanced Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Advanced Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Advanced Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Advanced Vending Co. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Advanced Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Advanced Vending Co. with future losses and injuries attributable directly to the violation.

54.     Al Faini Vending, Inc. is located in Framingham, MA and operates cigarette vending machines throughout Framingham.  Al Faini Vending, Inc. owns and operates 26 cigarette vending machines.  Al Faini Vending, Inc. competes with other cigarette retail outlets, including but not limited to Framingham Exxon, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Al Faini Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Al Faini Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Al Faini Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Al Faini Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Al Faini Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $65,000.00.  Defendant's continued misconduct in violation of the law threatens Al Faini Vending, Inc. with future losses and injuries attributable directly to the violation.

55.     Albring Vending Company is located in Toledo, OH and operates cigarette vending machines throughout Toledo.  Albring Vending Company owns and operates 150 cigarette vending machines.  Albring Vending Company competes with other cigarette retail outlets, including but not limited to In And Out Mart #2, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Albring Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Albring Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Albring Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Albring Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Albring Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Albring Vending Company with future losses and injuries attributable directly to the violation.

56.     All Brands Vending Co., Inc. is located in Jacksonville, FL and operates cigarette vending machines throughout Jacksonville.  All Brands Vending Co., Inc. owns and operates 450 cigarette vending machines.  All Brands Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to Hess Express, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  All Brands Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to All Brands Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against All Brands Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between All Brands Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, All Brands Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $1,125,000.00. Defendant's continued misconduct in violation of the law threatens All Brands Vending Co., Inc. with future losses and injuries attributable directly to the violation.

57.     Alliance Vending, Inc. is located in Baltimore, MD and operates cigarette vending machines throughout Baltimore.  Alliance Vending, Inc. owns and operates 40 cigarette vending machines.  Alliance Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1403 23860, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Alliance Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Alliance Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Alliance Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Alliance Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Alliance Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $100,000.00.  Defendant's continued misconduct in violation of the law threatens Alliance Vending, Inc. with future losses and injuries attributable directly to the violation.

58.     American Amusements & Vending is located in Bay City, MI and operates cigarette vending machines throughout Bay City.  American Amusements & Vending owns and operates 87 cigarette vending machines.  American Amusements & Vending competes with other cigarette retail outlets, including but not limited to Garb-Ko 7-11, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  American Amusements & Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to American Amusements & Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against American Amusements & Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between American Amusements & Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, American Amusements & Vending has been injured in its business and property through losses in sales and profits in an amount not less than $217,500.00.  Defendant's continued misconduct in violation of the law threatens American Amusements & Vending with future losses and injuries attributable directly to the violation.

59.     American Vending & Video Games, Inc. is located in Stratford, CT and operates cigarette vending machines throughout Stratford.  American Vending & Video Games, Inc. owns and operates 150 cigarette vending machines.  American Vending & Video Games, Inc. competes with other cigarette retail outlets, including but not limited to Seven Eleven 23959, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  American Vending & Video Games, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to American Vending & Video Games, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against American Vending & Video Games, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between American Vending & Video Games, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, American Vending & Video Games, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens American Vending & Video Games, Inc. with future losses and injuries attributable directly to the violation.

60.     American Vending Company, Inc. is located in East Point, GA and operates cigarette vending machines throughout East Point.  American Vending Company, Inc. owns and operates 330 cigarette vending machines.  American Vending Company, Inc. competes with other cigarette retail outlets, including but not limited to Exxon Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  American Vending Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to American Vending Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against American Vending Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between American Vending Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, American Vending Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $825,000.00.  Defendant's continued misconduct in violation of the law threatens American Vending Company, Inc. with future losses and injuries attributable directly to the violation.

61.     American Vending of Pasco, Inc. is located in Port Richey, FL and operates cigarette vending machines throughout Port Richey.  American Vending of Pasco, Inc. owns and operates 53 cigarette vending machines.  American Vending of Pasco, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1552 32725, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  American Vending of Pasco, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to American Vending of Pasco, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against American Vending of Pasco, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between American Vending of Pasco, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, American Vending of Pasco, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $132,500.00.  Defendant's continued misconduct in violation of the law threatens American Vending of Pasco, Inc. with future losses and injuries attributable directly to the violation.

62.     Amusement Concepts, Inc. is located in Arnold, MI and operates cigarette vending machines throughout Arnold.  Amusement Concepts, Inc. owns and operates 150 cigarette vending machines.  Amusement Concepts, Inc. competes with other cigarette retail outlets, including but not limited to C.F. Mart #69, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Amusement Concepts, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Amusement Concepts, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Amusement Concepts, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Amusement Concepts, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Amusement Concepts, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Amusement Concepts, Inc. with future losses and injuries attributable directly to the violation.

63.    Amusement Devices, Inc. is located in Menasha, WI and operates cigarette vending machines throughout Menasha.  Amusement Devices, Inc. owns and operates 220 cigarette vending machines.  Amusement Devices, Inc. competes with other cigarette retail outlets, including but not limited to Kwik Trip #743, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Amusement Devices, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Amusement Devices, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Amusement Devices, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Amusement Devices, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Amusement Devices, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $550,000.00.  Defendant's continued misconduct in violation of the law threatens Amusement Devices, Inc. with future losses and injuries attributable directly to the violation.

64.     Apple Vending Co., Inc. is located in Philadelphia, PA and operates cigarette vending machines throughout Philadelphia.  Apple Vending Co., Inc. owns and operates 280 cigarette vending machines.  Apple Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to Sunoco Erie Ave., in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Apple Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Apple Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Apple Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Apple Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Apple Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $700,000.00.  Defendant's continued misconduct in violation of the law threatens Apple Vending Co., Inc. with future losses and injuries attributable directly to the violation.

65.      Arizona Vending, Inc. is located in Virginia Beach, VA and operates cigarette vending machines throughout Virginia Beach.  Arizona Vending, Inc. owns and operates 90 cigarette vending machines.  Arizona Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2514 18184, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Arizona Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Arizona Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Arizona Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Arizona Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Arizona Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $225,000.00.  Defendant's continued misconduct in violation of the law threatens Arizona Vending, Inc. with future losses and injuries attributable directly to the violation.

66.     Artic Music & Vending is located in Anchorage, AK and operates cigarette vending machines throughout Anchorage.  Artic Music & Vending owns and operates 58 cigarette vending machines.  Artic Music & Vending competes with other cigarette retail outlets, including but not limited to CSI Chevron #1160, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Artic Music & Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Artic Music & Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Artic Music & Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Artic Music & Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Artic Music & Vending has been injured in its business and property through losses in sales and profits in an amount not less than $145,000.00.  Defendant's continued misconduct in violation of the law threatens Artic Music & Vending with future losses and injuries attributable directly to the violation.

67.     Austin Amusements is located in Eagle Lake, TX and operates cigarette vending machines throughout Eagle Lake.  Austin Amusements owns and operates 52 cigarette vending machines.  Austin Amusements competes with other cigarette retail outlets, including but not limited to J&K's Corner Store, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Austin Amusements's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Austin Amusements. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Austin Amusements and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Austin Amusements and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Austin Amusements has been injured in its business and property through losses in sales and profits in an amount not less than $130,000.00.  Defendant's continued misconduct in violation of the law threatens Austin Amusements with future losses and injuries attributable directly to the violation.

68.     Automatic Music & Vending Corporation is located in Concord, OH and operates cigarette vending machines throughout Concord.  Automatic Music & Vending Corporation owns and operates 49 cigarette vending machines.  Automatic Music & Vending Corporation competes with other cigarette retail outlets, including but not limited to Sunoco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Automatic Music & Vending Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Automatic Music & Vending Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Automatic Music & Vending Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Automatic Music & Vending Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Automatic Music & Vending Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $122,500.00.  Defendant's continued misconduct in violation of the law threatens Automatic Music & Vending Corporation with future losses and injuries attributable directly to the violation.

69.     Automatic Vending Machine, Inc. is located in Chicago, IL and operates cigarette vending machines throughout Chicago.  Automatic Vending Machine, Inc. owns and operates 5 cigarette vending machines.  Automatic Vending Machine, Inc. competes with other cigarette retail outlets, including but not limited to MGM Petro/Citgo, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Automatic Vending Machine, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Automatic Vending Machine, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Automatic Vending Machine, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Automatic Vending Machine, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Automatic Vending Machine, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $12,500.00.  Defendant's continued misconduct in violation of the law threatens Automatic Vending Machine, Inc. with future losses and injuries attributable directly to the violation.

70.     B&B Vending is located in Daytona Beach, FL and operates cigarette vending machines throughout Daytona Beach.  B&B Vending owns and operates 91 cigarette vending machines.  B&B Vending competes with other cigarette retail outlets, including but not limited to Nova Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  B&B Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to B&B Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against B&B Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between B&B Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, B&B Vending has been injured in its business and property through losses in sales and profits in an amount not less than $227,500.00. Defendant's continued misconduct in violation of the law threatens B&B Vending with future losses and injuries attributable directly to the violation.

71.      Ballard Vendors is located in Dallas, TX and operates cigarette vending machines throughout Dallas.  Ballard Vendors owns and operates 670 cigarette vending machines. Ballard Vendors competes with other cigarette retail outlets, including but not limited to Exxon #60460, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Ballard Vendors's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ballard Vendors. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ballard Vendors and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ballard Vendors and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ballard Vendors has been injured in its business and property through losses in sales and profits in an amount not less than $1,675,000.00.  Defendant's continued misconduct in violation of the law threatens Ballard Vendors with future losses and injuries attributable directly to the violation.

72.     Baltimore Vending Compnay is located in Baltimore, MD and operates cigarette vending machines throughout Baltimore.  Baltimore Vending Compnay owns and operates 60 cigarette vending machines.  Baltimore Vending Compnay competes with other cigarette retail outlets, including but not limited to Royal Farm #81, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Baltimore Vending Compnay's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Baltimore Vending Compnay. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Baltimore Vending Compnay and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Baltimore Vending Compnay and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Baltimore Vending Compnay has been injured in its business and property through losses in sales and profits in an amount not less than $150,000.00. Defendant's continued misconduct in violation of the law threatens Baltimore Vending Compnay with future losses and injuries attributable directly to the violation.

73.     Barry Rosenberg d.b.a B&G Enterprises, Ltd. is located in Marina Del Ray, CA and operates cigarette vending machines throughout Marina Del Ray.  Barry Rosenberg d.b.a B&G Enterprises, Ltd. owns and operates 150 cigarette vending machines.  Barry Rosenberg d.b.a B&G Enterprises, Ltd. competes with other cigarette retail outlets, including but not limited to Marina Shell Service, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Barry Rosenberg d.b.a B&G Enterprises, Ltd.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Barry Rosenberg d.b.a B&G Enterprises, Ltd. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Barry Rosenberg d.b.a B&G Enterprises, Ltd. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Barry Rosenberg d.b.a B&G Enterprises, Ltd. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Barry Rosenberg d.b.a B&G Enterprises, Ltd. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Barry Rosenberg d.b.a B&G Enterprises, Ltd. with future losses and injuries attributable directly to the violation.

74.     Baton Rouge Cigarette Service is located in Baton Rouge, LA and operates cigarette vending machines throughout Baton Rouge.  Baton Rouge Cigarette Service owns and operates 714 cigarette vending machines.  Baton Rouge Cigarette Service competes with other cigarette retail outlets, including but not limited to Swifty's Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Baton Rouge Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Baton Rouge Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Baton Rouge Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Baton Rouge Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Baton Rouge Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $1,785,000.00.  Defendant's continued misconduct in violation of the law threatens Baton Rouge Cigarette Service with future losses and injuries attributable directly to the violation.

75.     Becker Enterprises is located in Cocoa Beach, FL and operates cigarette vending machines throughout Cocoa Beach.  Becker Enterprises owns and operates 22 cigarette vending machines.  Becker Enterprises competes with other cigarette retail outlets, including but not limited to 7-Eleven #1507 23081, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Becker Enterprises's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Becker Enterprises. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Becker Enterprises and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Becker Enterprises and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Becker Enterprises has been injured in its business and property through losses in sales and profits in an amount not less than $55,000.00.  Defendant's continued misconduct in violation of the law threatens Becker Enterprises with future losses and injuries attributable directly to the violation.

76.     Belfiore Music & Cigarette is located in Cannonsburg, PA and operates cigarette vending machines throughout Cannonsburg.  Belfiore Music & Cigarette owns and operates 159 cigarette vending machines.  Belfiore Music & Cigarette competes with other cigarette retail outlets, including but not limited to Sheetz #279, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Belfiore Music & Cigarette's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Belfiore Music & Cigarette.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Belfiore Music & Cigarette and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Belfiore Music & Cigarette and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Belfiore Music & Cigarette has been injured in its business and property through losses in sales and profits in an amount not less than $397,500.00.  Defendant's continued misconduct in violation of the law threatens Belfiore Music & Cigarette with future losses and injuries attributable directly to the violation.

77.     Bell Cigarette Service is located in Akron, OH and operates cigarette vending machines throughout Akron.  Bell Cigarette Service owns and operates 120 cigarette vending machines.  Bell Cigarette Service competes with other cigarette retail outlets, including but not limited to Baho Convenient, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Bell Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Bell Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Bell Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Bell Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Bell Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $300,000.00.  Defendant's continued misconduct in violation of the law threatens Bell Cigarette Service with future losses and injuries attributable directly to the violation.

78.     Beyer & Brown is located in S. Daytona, FL and operates cigarette vending machines throughout S. Daytona.  Beyer & Brown owns and operates 150 cigarette vending machines.  Beyer & Brown competes with other cigarette retail outlets, including but not limited to Publix #0768, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Beyer & Brown's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Beyer & Brown. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Beyer & Brown and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Beyer & Brown and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Beyer & Brown has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Beyer & Brown with future losses and injuries attributable directly to the violation.

79.     BFC Enterprises is located in Brentwood, MO and operates cigarette vending machines throughout Brentwood.  BFC Enterprises owns and operates 278 cigarette vending machines.  BFC Enterprises competes with other cigarette retail outlets, including but not limited to Exxon #15202, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  BFC Enterprises's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to BFC Enterprises. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against BFC Enterprises and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between BFC Enterprises and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, BFC Enterprises has been injured in its business and property through losses in sales and profits in an amount not less than $695,000.00. Defendant's continued misconduct in violation of the law threatens BFC Enterprises with future losses and injuries attributable directly to the violation.

80.    Big State Vending Co., Inc. is located in Houston, TX and operates cigarette vending machines throughout Houston.  Big State Vending Co., Inc. owns and operates 373 cigarette vending machines.  Big State Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to Stop-N-Go #2314, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Big State Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Big State Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Big State Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Big State Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Big State Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $932,500.00.  Defendant's continued misconduct in violation of the law threatens Big State Vending Co., Inc. with future losses and injuries attributable directly to the violation.

81.    Blackjack Vending II is located in Tampa, FL and operates cigarette vending machines throughout Tampa.  Blackjack Vending II owns and operates 13 cigarette vending machines.  Blackjack Vending II competes with other cigarette retail outlets, including but not limited to Dash In Dash Out, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Blackjack Vending II's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Blackjack Vending II. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Blackjack Vending II and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Blackjack Vending II and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Blackjack Vending II has been injured in its business and property through losses in sales and profits in an amount not less than $32,500.00.  Defendant's continued misconduct in violation of the law threatens Blackjack Vending II with future losses and injuries attributable directly to the violation.

82.     Board Machine, Inc. is located in Kankakee, IL and operates cigarette vending machines throughout Kankakee.  Board Machine, Inc. owns and operates 62 cigarette vending machines.  Board Machine, Inc. competes with other cigarette retail outlets, including but not limited to Mike's Corner Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Board Machine, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Board Machine, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Board Machine, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Board Machine, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Board Machine, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $155,000.00.  Defendant's continued misconduct in violation of the law threatens Board Machine, Inc. with future losses and injuries attributable directly to the violation.

83.     Bob's Music & Cigarette Vending, Inc. is located in Paris, IL and operates cigarette vending machines throughout Paris.  Bob's Music & Cigarette Vending, Inc. owns and operates 32 cigarette vending machines.  Bob's Music & Cigarette Vending, Inc. competes with other cigarette retail outlets, including but not limited to Paris Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Bob's Music & Cigarette Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Bob's Music & Cigarette Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Bob's Music & Cigarette Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Bob's Music & Cigarette Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Bob's Music & Cigarette Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $80,000.00.  Defendant's continued misconduct in violation of the law threatens Bob's Music & Cigarette Vending, Inc. with future losses and injuries attributable directly to the violation.

84.     Bob's Music & Cigarette Vending, Inc. is located in Tyler, TX and operates cigarette vending machines throughout Tyler.  Bob's Music & Cigarette Vending, Inc. owns and operates 119 cigarette vending machines.  Bob's Music & Cigarette Vending, Inc. competes with other cigarette retail outlets, including but not limited to Speed Trak Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Bob's Music & Cigarette Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Bob's Music & Cigarette Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Bob's Music & Cigarette Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Bob's Music & Cigarette Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Bob's Music & Cigarette Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $297,500.00.  Defendant's continued misconduct in violation of the law threatens Bob's Music & Cigarette Vending, Inc. with future losses and injuries attributable directly to the violation.

85.     Bravado, Inc. d/b/a A-1 Vending Service is located in Largo, FL and operates cigarette vending machines throughout Largo.  Bravado, Inc. d/b/a A-1 Vending Service owns and operates 190 cigarette vending machines.  Bravado, Inc. d/b/a A-1 Vending Service competes with other cigarette retail outlets, including but not limited to Xtra Mart Amoco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Bravado, Inc. d/b/a A-1 Vending Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Bravado, Inc. d/b/a A-1 Vending Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Bravado, Inc. d/b/a A-1 Vending Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Bravado, Inc. d/b/a A-1 Vending Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Bravado, Inc. d/b/a A-1 Vending Service has been injured in its business and property through losses in sales and profits in an amount not less than $475,000.00. Defendant's continued misconduct in violation of the law threatens Bravado, Inc. d/b/a A-1 Vending Service with future losses and injuries attributable directly to the violation.

86.     Bremer Vending Company is located in Sylvania, OH and operates cigarette vending machines throughout Sylvania.  Bremer Vending Company owns and operates 28 cigarette vending machines.  Bremer Vending Company competes with other cigarette retail outlets, including but not limited to In And Out Mart #2, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Bremer Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Bremer Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Bremer Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Bremer Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Bremer Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $70,000.00.  Defendant's continued misconduct in violation of the law threatens Bremer Vending Company with future losses and injuries attributable directly to the violation.

87.     Brighton Amusement Company is located in Blue Springs, MO and operates cigarette vending machines throughout Blue Springs.  Brighton Amusement Company owns and operates 150 cigarette vending machines.  Brighton Amusement Company competes with other cigarette retail outlets, including but not limited to Texaco Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Brighton Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Brighton Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Brighton Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Brighton Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Brighton Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Brighton Amusement Company with future losses and injuries attributable directly to the violation.

88.     Brubaker Amusement Company, Inc. is located in Baldwin, KS and operates cigarette vending machines throughout Baldwin.  Brubaker Amusement Company, Inc. owns and operates 19 cigarette vending machines.  Brubaker Amusement Company, Inc. competes with other cigarette retail outlets, including but not limited to Kwik Shop, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Brubaker Amusement Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Brubaker Amusement Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Brubaker Amusement Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Brubaker Amusement Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Brubaker Amusement Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $47,500.00.  Defendant's continued misconduct in violation of the law threatens Brubaker Amusement Company, Inc. with future losses and injuries attributable directly to the violation.

89.     Buffeteria, Inc. is located in Roebuck, SC and operates cigarette vending machines throughout Roebuck.  Buffeteria, Inc. owns and operates 49 cigarette vending machines.  Buffeteria, Inc. competes with other cigarette retail outlets, including but not limited to 221 Convenience, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Buffeteria, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Buffeteria, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Buffeteria, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Buffeteria, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Buffeteria, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $122,500.00.  Defendant's continued misconduct in violation of the law threatens Buffeteria, Inc. with future losses and injuries attributable directly to the violation.

90.      BY Vending is located in Venice, FL and operates cigarette vending machines throughout Venice.  BY Vending owns and operates 128 cigarette vending machines. BY Vending competes with other cigarette retail outlets, including but not limited to Mobil Mart  #11512, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  BY Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to BY Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against BY Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between BY Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, BY Vending has been injured in its business and property through losses in sales and profits in an amount not less than $320,000.00.  Defendant's continued misconduct in violation of the law threatens BY Vending with future losses and injuries attributable directly to the violation.

91.     C & B Music & Vending, Inc. is located in Lewiston, ID and operates cigarette vending machines throughout Lewiston.  C & B Music & Vending, Inc. owns and operates 150 cigarette vending machines.  C & B Music & Vending, Inc. competes with other cigarette retail outlets, including but not limited to Zip Trip #17, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  C & B Music & Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to C & B Music & Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against C & B Music & Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between C & B Music & Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, C & B Music & Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens C & B Music & Vending, Inc. with future losses and injuries attributable directly to the violation.

92.     C&N Sales Co., Inc. is located in Mankato, MN and operates cigarette vending machines throughout Mankato.  C&N Sales Co., Inc. owns and operates 58 cigarette vending machines.  C&N Sales Co., Inc. competes with other cigarette retail outlets, including but not limited to Exxon, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  C&N Sales Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to C&N Sales Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against C&N Sales Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between C&N Sales Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, C&N Sales Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $145,000.00. Defendant's continued misconduct in violation of the law threatens C&N Sales Co., Inc. with future losses and injuries attributable directly to the violation.

93.     C.I.C. Corporation is located in Mountainside, NJ and operates cigarette vending machines throughout Mountainside.  C.I.C. Corporation owns and operates 580 cigarette vending machines.  C.I.C. Corporation competes with other cigarette retail outlets, including but not limited to 7-Eleven #2412 11430, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. C.I.C. Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to C.I.C. Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against C.I.C. Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between C.I.C. Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, C.I.C. Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $1,450,000.00.  Defendant's continued misconduct in violation of the law threatens C.I.C. Corporation with future losses and injuries attributable directly to the violation.

94.     C.R.S. Company, Inc. is located in San Diego, CA and operates cigarette vending machines throughout San Diego.  C.R.S. Company, Inc. owns and operates 104 cigarette vending machines.  C.R.S. Company, Inc. competes with other cigarette retail outlets, including but not limited to Thrifty #9576, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  C.R.S. Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to C.R.S. Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against C.R.S. Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between C.R.S. Company, Inc. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, C.R.S. Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $260,000.00.  Defendant's continued misconduct in violation of the law threatens C.R.S. Company, Inc. with future losses and injuries attributable directly to the violation.

95.     Cadillac Vending Company is located in Harper Woods, MI and operates cigarette vending machines throughout Harper Woods.  Cadillac Vending Company owns and operates 150 cigarette vending machines.  Cadillac Vending Company competes with other cigarette retail outlets, including but not limited to Sadina Mini Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Cadillac Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Cadillac Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Cadillac Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Cadillac Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Cadillac Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Cadillac Vending Company with future losses and injuries attributable directly to the violation.

96.     Capitol City Vending Company is located in Trenton, NJ and operates cigarette vending machines throughout Trenton.  Capitol City Vending Company owns and operates 70 cigarette vending machines.  Capitol City Vending Company competes with other cigarette retail outlets, including but not limited to 7-Eleven #1404 10972, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Capitol City Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Capitol City Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Capitol City Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Capitol City Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Capitol City Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $175,000.00.  Defendant's continued misconduct in violation of the law threatens Capitol City Vending Company with future losses and injuries attributable directly to the violation.

97.     Capitol Vending, Inc. is located in Austin, TX and operates cigarette vending machines throughout Austin.  Capitol Vending, Inc. owns and operates 101 cigarette vending machines.  Capitol Vending, Inc. competes with other cigarette retail outlets, including but not limited to QUIX #631-F, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Capitol Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Capitol Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Capitol Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Capitol Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Capitol Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $252,500.00.  Defendant's continued misconduct in violation of the law threatens Capitol Vending, Inc. with future losses and injuries attributable directly to the violation.

98.     Chambers Vend-A-Matic is located in Ogden, UT and operates cigarette vending machines throughout Ogden.  Chambers Vend-A-Matic owns and operates 25 cigarette vending machines.  Chambers Vend-A-Matic competes with other cigarette retail outlets, including but not limited to Shell Super Shop, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Chambers Vend-A-Matic's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Chambers Vend-A-Matic. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Chambers Vend-A-Matic and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Chambers Vend-A-Matic and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Chambers Vend-A-Matic has been injured in its business and property through losses in sales and profits in an amount not less than $62,500.00.  Defendant's continued misconduct in violation of the law threatens Chambers Vend-A-Matic with future losses and injuries attributable directly to the violation.

99.     Cigarette Vending Company is located in St. Louis, MO and operates cigarette vending machines throughout St. Louis.  Cigarette Vending Company owns and operates 105 cigarette vending machines.  Cigarette Vending Company competes with other cigarette retail outlets, including but not limited to Schnucks #188, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Cigarette Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Cigarette Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Cigarette Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Cigarette Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Cigarette Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $262,500.00. Defendant's continued misconduct in violation of the law threatens Cigarette Vending Company with future losses and injuries attributable directly to the violation.

100.     Cigarette Vending Service of Dallas, Inc. is located in Dallas, TX and operates cigarette vending machines throughout Dallas.  Cigarette Vending Service of Dallas, Inc. owns and operates 116 cigarette vending machines.  Cigarette Vending Service of Dallas, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1611 33441, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Cigarette Vending Service of Dallas, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Cigarette Vending Service of Dallas, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Cigarette Vending Service of Dallas, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Cigarette Vending Service of Dallas, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Cigarette Vending Service of Dallas, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $290,000.00. Defendant's continued misconduct in violation of the law threatens Cigarette Vending Service of Dallas, Inc. with future losses and injuries attributable directly to the violation.

101.    Class A Vending is located in Jacksonville, FL and operates cigarette vending machines throughout Jacksonville.  Class A Vending owns and operates 186 cigarette vending machines.  Class A Vending competes with other cigarette retail outlets, including but not limited to Hess Express, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Class A Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Class A Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Class A Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Class A Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Class A Vending has been injured in its business and property through losses in sales and profits in an amount not less than $465,000.00. Defendant's continued misconduct in violation of the law threatens Class A Vending with future losses and injuries attributable directly to the violation.

102.    Click's Valley Vending, inc. is located in Chillicothe, OH and operates cigarette vending machines throughout Chillicothe.  Click's Valley Vending, inc. owns and operates 55 cigarette vending machines.  Click's Valley Vending, inc. competes with other cigarette retail outlets, including but not limited to Dairy Mart #5376, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Click's Valley Vending, inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Click's Valley Vending, inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Click's Valley Vending, inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Click's Valley Vending, inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Click's Valley Vending, inc. has been injured in its business and property through losses in sales and profits in an amount not less than $137,500.00.  Defendant's continued misconduct in violation of the law threatens Click's Valley Vending, inc. with future losses and injuries attributable directly to the violation.

103.     Coin Tel is located in Nashville, TN and operates cigarette vending machines throughout Nashville.  Coin Tel owns and operates 70 cigarette vending machines.  Coin Tel competes with other cigarette retail outlets, including but not limited to Tiger Mart #51494, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Coin Tel's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Coin Tel. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Coin Tel and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Coin Tel and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Coin Tel has been injured in its business and property through losses in sales and profits in an amount not less than $175,000.00.  Defendant's continued misconduct in violation of the law threatens Coin Tel with future losses and injuries attributable directly to the violation.

104.     Coin-Op Specialists, Inc. is located in Adrian, MI and operates cigarette vending machines throughout Adrian.  Coin-Op Specialists, Inc. owns and operates 32 cigarette vending machines.  Coin-Op Specialists, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1971 20862, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Coin-Op Specialists, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Coin-Op Specialists, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Coin-Op Specialists, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Coin-Op Specialists, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Coin-Op Specialists, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $80,000.00.  Defendant's continued misconduct in violation of the law threatens Coin-Op Specialists, Inc. with future losses and injuries attributable directly to the violation.

105.    Colonial Vending Company is located in Greensboro, NC and operates cigarette vending machines throughout Greensboro.  Colonial Vending Company owns and operates 56 cigarette vending machines.  Colonial Vending Company competes with other cigarette retail outlets, including but not limited to Spring Garden Texaco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Colonial Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Colonial Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Colonial Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Colonial Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Colonial Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $140,000.00. Defendant's continued misconduct in violation of the law threatens Colonial Vending Company with future losses and injuries attributable directly to the violation.

106.    Commonwealth Vending, Inc. is located in Braintree, MA and operates cigarette vending machines throughout Braintree.  Commonwealth Vending, Inc. owns and operates 130 cigarette vending machines.  Commonwealth Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2464 32456, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Commonwealth Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Commonwealth Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Commonwealth Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Commonwealth Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Commonwealth Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $325,000.00.  Defendant's continued misconduct in violation of the law threatens Commonwealth Vending, Inc. with future losses and injuries attributable directly to the violation.

107.    Comprehensive Vending Sales is located in Ravena, NY and operates cigarette vending machines throughout Ravena.  Comprehensive Vending Sales owns and operates 100 cigarette vending machines.  Comprehensive Vending Sales competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Comprehensive Vending Sales's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Comprehensive Vending Sales. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Comprehensive Vending Sales and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Comprehensive Vending Sales and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Comprehensive Vending Sales has been injured in its business and property through losses in sales and profits in an amount not less than $250,000.00.  Defendant's continued misconduct in violation of the law threatens Comprehensive Vending Sales with future losses and injuries attributable directly to the violation.

108.     Connecticut A&E vending is located in North Haven, CT and operates cigarette vending machines throughout North Haven.  Connecticut A&E vending owns and operates 170 cigarette vending machines.  Connecticut A&E vending competes with other cigarette retail outlets, including but not limited to Xtra Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Connecticut A&E vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Connecticut A&E vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Connecticut A&E vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Connecticut A&E vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Connecticut A&E vending has been injured in its business and property through losses in sales and profits in an amount not less than $425,000.00.  Defendant's continued misconduct in violation of the law threatens Connecticut A&E vending with future losses and injuries attributable directly to the violation.

109.     D&E Music & Vending, Inc. is located in Mitchell, SD and operates cigarette vending machines throughout Mitchell.  D&E Music & Vending, Inc. owns and operates 12 cigarette vending machines.  D&E Music & Vending, Inc. competes with other cigarette retail outlets, including but not limited to Casey's #1170, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  D&E Music & Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to D&E Music & Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against D&E Music & Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between D&E Music & Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, D&E Music & Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $30,000.00. Defendant's continued misconduct in violation of the law threatens D&E Music & Vending, Inc. with future losses and injuries attributable directly to the violation.

110.     D&R Vending, Inc. is located in Bozeman, MT and operates cigarette vending machines throughout Bozeman.  D&R Vending, Inc. owns and operates 97 cigarette vending machines.  D&R Vending, Inc. competes with other cigarette retail outlets, including but not limited to Thriftway SS #11, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  D&R Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to D&R Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against D&R Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between D&R Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, D&R Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $242,500.00. Defendant's continued misconduct in violation of the law threatens D&R Vending, Inc. with future losses and injuries attributable directly to the violation.

111.    Daniel J. Eggles is located in Landsdowne, PA and operates cigarette vending machines throughout Landsdowne.  Daniel J. Eggles owns and operates 150 cigarette vending machines.  Daniel J. Eggles competes with other cigarette retail outlets, including but not limited to Wawa#058, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Daniel J. Eggles's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Daniel J. Eggles. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Daniel J. Eggles and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Daniel J. Eggles and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Daniel J. Eggles has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Daniel J. Eggles with future losses and injuries attributable directly to the violation.

112.     David Powell d/b/a D.P. Amusement Company is located in Antioch, TN and operates cigarette vending machines throughout Antioch.  David Powell d/b/a D.P. Amusement Company owns and operates 9 cigarette vending machines.  David Powell d/b/a D.P. Amusement Company competes with other cigarette retail outlets, including but not limited to BP #24445, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  David Powell d/b/a D.P. Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to David Powell d/b/a D.P. Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against David Powell d/b/a D.P. Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between David Powell d/b/a D.P. Amusement Company and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, David Powell d/b/a D.P. Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $22,500.00.  Defendant's continued misconduct in violation of the law threatens David Powell d/b/a D.P. Amusement Company with future losses and injuries attributable directly to the violation.

113.     Delmarva Amusement Service is located in Pocomoke City, MD and operates cigarette vending machines throughout Pocomoke City.  Delmarva Amusement Service owns and operates 100 cigarette vending machines.  Delmarva Amusement Service competes with other cigarette retail outlets, including but not limited to Seven Eleven #23767, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Delmarva Amusement Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Delmarva Amusement Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Delmarva Amusement Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Delmarva Amusement Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Delmarva Amusement Service has been injured in its business and property through losses in sales and profits in an amount not less than $250,000.00.  Defendant's continued misconduct in violation of the law threatens Delmarva Amusement Service with future losses and injuries attributable directly to the violation.

114.    Dennis Niemi d/b/a Scorpio Vending is located in Bruce Crossing, MI and operates cigarette vending machines throughout Bruce Crossing.  Dennis Niemi d/b/a Scorpio Vending owns and operates 16 cigarette vending machines.  Dennis Niemi d/b/a Scorpio Vending competes with other cigarette retail outlets, including but not limited to Citgo Quik Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Dennis Niemi d/b/a Scorpio Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Dennis Niemi d/b/a Scorpio Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Dennis Niemi d/b/a Scorpio Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Dennis Niemi d/b/a Scorpio Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Dennis Niemi d/b/a Scorpio Vending has been injured in its business and property through losses in sales and profits in an amount not less than $40,000.00.  Defendant's continued misconduct in violation of the law threatens Dennis Niemi d/b/a Scorpio Vending with future losses and injuries attributable directly to the violation.

115.    DiCarlo Vending Co. is located in West Warwick, RI and operates cigarette vending machines throughout West Warwick.  DiCarlo Vending Co. owns and operates 50 cigarette vending machines.  DiCarlo Vending Co. competes with other cigarette retail outlets, including but not limited to Xtra Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  DiCarlo Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to DiCarlo Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against DiCarlo Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between DiCarlo Vending Co. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, DiCarlo Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $125,000.00.  Defendant's continued misconduct in violation of the law threatens DiCarlo Vending Co. with future losses and injuries attributable directly to the violation.

116.     Dorian Dolph d/b/a Dolph Distribution Company is located in Tulsa, OK and operates cigarette vending machines throughout Tulsa.  Dorian Dolph d/b/a Dolph Distribution Company owns and operates 15 cigarette vending machines.  Dorian Dolph d/b/a Dolph Distribution Company competes with other cigarette retail outlets, including but not limited to Quik Trip #90, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Dorian Dolph d/b/a Dolph Distribution Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Dorian Dolph d/b/a Dolph Distribution Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Dorian Dolph d/b/a Dolph Distribution Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Dorian Dolph d/b/a Dolph Distribution Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Dorian Dolph d/b/a Dolph Distribution Company has been injured in its business and property through losses in sales and profits in an amount not less than $37,500.00.  Defendant's continued misconduct in violation of the law threatens Dorian Dolph d/b/a Dolph Distribution Company with future losses and injuries attributable directly to the violation.

117.    E & S Music Corporation is located in Dayshore, NY and operates cigarette vending machines throughout Dayshore.  E & S Music Corporation owns and operates 150 cigarette vending machines.  E & S Music Corporation competes with other cigarette retail outlets, including but not limited to 7-Eleven #2423 11231, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  E & S Music Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to E & S Music Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against E & S Music Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between E & S Music Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, E & S Music Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens E & S Music Corporation with future losses and injuries attributable directly to the violation.

118.    E. Walker Wright is located in Summerville, SC and operates cigarette vending machines throughout Summerville.  E. Walker Wright owns and operates 150 cigarette vending machines.  E. Walker Wright competes with other cigarette retail outlets, including but not limited to Sonny's Exxon II, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  E. Walker Wright's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to E. Walker Wright. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against E. Walker Wright and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between E. Walker Wright and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, E. Walker Wright has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens E. Walker Wright with future losses and injuries attributable directly to the violation.

119.     Eagle Coin Machine is located in Pueblo West, CO and operates cigarette vending machines throughout Pueblo West.  Eagle Coin Machine owns and operates 150 cigarette vending machines.  Eagle Coin Machine competes with other cigarette retail outlets, including but not limited to Kwik Stop #7, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Eagle Coin Machine's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Eagle Coin Machine. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Eagle Coin Machine and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Eagle Coin Machine and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Eagle Coin Machine has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Eagle Coin Machine with future losses and injuries attributable directly to the violation.

120.    Edward J. Zarick, Inc. d/b/a/ All-Star Vending is located in Toledo, OH and operates cigarette vending machines throughout Toledo.  Edward J. Zarick, Inc. d/b/a/ All-Star Vending owns and operates 117 cigarette vending machines.  Edward J. Zarick, Inc. d/b/a/ All-Star Vending competes with other cigarette retail outlets, including but not limited to Stop -n-Save #3, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Edward J. Zarick, Inc. d/b/a/ All-Star Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Edward J. Zarick, Inc. d/b/a/ All-Star Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Edward J. Zarick, Inc. d/b/a/ All-Star Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Edward J. Zarick, Inc. d/b/a/ All-Star Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Edward J. Zarick, Inc. d/b/a/ All-Star Vending has been injured in its business and property through losses in sales and profits in an amount not less than $292,500.00.  Defendant's continued misconduct in violation of the law threatens Edward J. Zarick, Inc. d/b/a/ All-Star Vending with future losses and injuries attributable directly to the violation.

121.    Eldorado Holdings Inc., Bravo Vending Division (Adair Holdings Inc.) is located

in Palm Springs, CA and operates cigarette vending machines throughout Palm Springs.

Eldorado Holdings Inc., Bravo Vending Division (Adair Holdings Inc.) owns and

operates 170 cigarette vending machines.  Eldorado Holdings Inc., Bravo Vending

Division (Adair Holdings Inc.) competes with other cigarette retail outlets, including but

not limited to AM-PM PSI #5968, in the sale of Defendant's cigarette brands, including

but not limited to Newport and Newport Lights, to adult consumers.  Eldorado Holdings

Inc., Bravo Vending Division (Adair Holdings Inc.)'s retail competitors receive

promotional benefits directly from Defendant, which include but are not limited to:

advertising and display payments, inventory payments, consumer promotions, consumer

price rebates and buy-down promotions.  Neither the aforementioned promotional

benefits, nor any proportionally equivalent benefits, are made available to Eldorado

Holdings Inc., Bravo Vending Division (Adair Holdings Inc.). Defendant's cigarette

brands and retail promotional benefits move continuously in a stream of interstate

commerce.  Defendant's discrimination in price and benefits against Eldorado Holdings

Inc., Bravo Vending Division (Adair Holdings Inc.) and in favor of its other retail

customers has the effect of substantially lessening competition in the sale of cigarettes on

a per pack basis to adult consumers in the marketplace.  Defendant's misconduct

adversely affects and injures, suppresses and eliminates competition between Eldorado

Holdings Inc., Bravo Vending Division (Adair Holdings Inc.) and Defendant's favored

retail customers.  By reason of Defendant's discrimination in price and benefits, Eldorado

Holdings Inc., Bravo Vending Division (Adair Holdings Inc.) has been injured in its

business and property through losses in sales and profits in an amount not less than

$425,000.00.  Defendant's continued misconduct in violation of the law threatens Eldorado Holdings Inc., Bravo Vending Division (Adair Holdings Inc.) with future losses and injuries attributable directly to the violation.

122.    Elum Music Company is located in Massillon, OH and operates cigarette vending machines throughout Massillon.  Elum Music Company owns and operates 332 cigarette vending machines.  Elum Music Company competes with other cigarette retail outlets, including but not limited to Snack Box Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Elum Music Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Elum Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Elum Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Elum Music Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Elum Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $830,000.00.  Defendant's continued misconduct in violation

of the law threatens Elum Music Company with future losses and injuries attributable directly to the violation.

123.     Empire Smokes, Inc. is located in Cheektowaga, NY and operates cigarette vending machines throughout Cheektowaga.  Empire Smokes, Inc. owns and operates 109 cigarette vending machines.  Empire Smokes, Inc. competes with other cigarette retail outlets, including but not limited to Sunoco #0364032303, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Empire Smokes, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Empire Smokes, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Empire Smokes, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Empire Smokes, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Empire Smokes, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $272,500.00.  Defendant's continued misconduct in violation of the law threatens Empire Smokes, Inc. with future losses and injuries attributable directly to the violation.

124.     Evergreen Vending, Inc. is located in Mountainside, NJ and operates cigarette vending machines throughout Mountainside.  Evergreen Vending, Inc. owns and operates 56 cigarette vending machines.  Evergreen Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2412 11430, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Evergreen Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Evergreen Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Evergreen Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Evergreen Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Evergreen Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $140,000.00.  Defendant's continued misconduct in violation of the law threatens Evergreen Vending, Inc. with future losses and injuries attributable directly to the violation.

125.    Excellence in Vending Office Beverages & More is located in Sarasota, FL and operates cigarette vending machines throughout Sarasota.  Excellence in Vending Office Beverages & More owns and operates 119 cigarette vending machines.  Excellence in Vending Office Beverages & More competes with other cigarette retail outlets, including but not limited to Publix #0409, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Excellence in Vending Office Beverages & More's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Excellence in Vending Office Beverages & More. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Excellence in Vending Office Beverages & More and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Excellence in Vending Office Beverages & More and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Excellence in Vending Office Beverages & More has been injured in its business and property through losses in sales and profits in an amount not less than $297,500.00.  Defendant's continued misconduct in violation of the law threatens Excellence in Vending Office Beverages & More with future losses and injuries attributable directly to the violation.

126.     Federal Vending, Inc. is located in Boca Raton, FL and operates cigarette vending machines throughout Boca Raton.  Federal Vending, Inc. owns and operates 226 cigarette vending machines.  Federal Vending, Inc. competes with other cigarette retail outlets, including but not limited to Publix #0369, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Federal Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Federal Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Federal Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Federal Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Federal Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $565,000.00.  Defendant's continued misconduct in violation of the law threatens Federal Vending, Inc. with future losses and injuries attributable directly to the violation.

127.    Five Star Vending is located in East Peoria, IL and operates cigarette vending machines throughout East Peoria.  Five Star Vending owns and operates 114 cigarette vending machines.  Five Star Vending competes with other cigarette retail outlets, including but not limited to Macdonald's Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Five Star Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Five Star Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Five Star Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Five Star Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Five Star Vending has been injured in its business and property through losses in sales and profits in an amount not less than $285,000.00.  Defendant's continued misconduct in violation of the law threatens Five Star Vending with future losses and injuries attributable directly to the violation.

128.    Florida Music Company d/b/a Vending Services of Florida is located in Palm Beach Gardens, FL and operates cigarette vending machines throughout Palm Beach Gardens.  Florida Music Company d/b/a Vending Services of Florida owns and operates 142 cigarette vending machines.  Florida Music Company d/b/a Vending Services of Florida competes with other cigarette retail outlets, including but not limited to Mobil #11209, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Florida Music Company d/b/a Vending Services of Florida's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Florida Music Company d/b/a Vending Services of Florida. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Florida Music Company d/b/a Vending Services of Florida and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Florida Music Company d/b/a Vending Services of Florida and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Florida Music Company d/b/a Vending Services of Florida has been injured in its business and property through losses in sales and profits in an amount not less than $355,000.00. Defendant's continued misconduct in violation of the law threatens Florida Music

Company d/b/a Vending Services of Florida with future losses and injuries attributable directly to the violation.

129.    Fort Bragg Music & Vending, Inc. is located in Fort Bragg, CA and operates cigarette vending machines throughout Fort Bragg.  Fort Bragg Music & Vending, Inc. owns and operates 150 cigarette vending machines.  Fort Bragg Music & Vending, Inc. competes with other cigarette retail outlets, including but not limited to Circle K FR #2439076, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Fort Bragg Music & Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Fort Bragg Music & Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Fort Bragg Music & Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Fort Bragg Music & Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Fort Bragg Music & Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued

misconduct in violation of the law threatens Fort Bragg Music & Vending, Inc. with future losses and injuries attributable directly to the violation.

130.    Frank P. Corso, Inc. is located in Bilioxi, MS and operates cigarette vending machines throughout Bilioxi.  Frank P. Corso, Inc. owns and operates 150 cigarette vending machines.  Frank P. Corso, Inc. competes with other cigarette retail outlets, including but not limited to Fast Trac #25, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Frank P. Corso, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Frank P. Corso, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Frank P. Corso, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Frank P. Corso, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Frank P. Corso, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Frank P. Corso, Inc. with future losses and injuries attributable directly to the violation.

131.    Free-Dells Vending, Inc. is located in Fort Worth, TX and operates cigarette vending machines throughout Fort Worth.  Free-Dells Vending, Inc. owns and operates 425 cigarette vending machines.  Free-Dells Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1631 29347, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Free-Dells Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Free-Dells Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Free-Dells Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Free-Dells Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Free-Dells Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $1,062,500.00.  Defendant's continued misconduct in violation of the law threatens Free-Dells Vending, Inc. with future losses and injuries attributable directly to the violation.

132.    Funstop Amusement Company, Inc. is located in Wilbriham, MA and operates cigarette vending machines throughout Wilbriham.  Funstop Amusement Company, Inc. owns and operates 15 cigarette vending machines.  Funstop Amusement Company, Inc. competes with other cigarette retail outlets, including but not limited to Mobil F.L. Roberts, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Funstop Amusement Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Funstop Amusement Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Funstop Amusement Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Funstop Amusement Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Funstop Amusement Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $37,500.00.  Defendant's continued misconduct in violation of the law threatens Funstop Amusement Company, Inc. with future losses and injuries attributable directly to the violation.

133.    Gator Coin Machine Company, Inc. is located in Jacksonville, FL and operates cigarette vending machines throughout Jacksonville.  Gator Coin Machine Company, Inc. owns and operates 123 cigarette vending machines.  Gator Coin Machine Company, Inc. competes with other cigarette retail outlets, including but not limited to Hess Express #9544, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Gator Coin Machine Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Gator Coin Machine Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Gator Coin Machine Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Gator Coin Machine Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Gator Coin Machine Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $307,500.00.  Defendant's continued misconduct in violation of the law threatens Gator Coin Machine Company, Inc. with future losses and injuries attributable directly to the violation.

134.    Gem Music & Vending Co., Inc. is located in Dayton, OH and operates cigarette vending machines throughout Dayton.  Gem Music & Vending Co., Inc. owns and operates 99 cigarette vending machines.  Gem Music & Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to BP Exxon #09585, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Gem Music & Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Gem Music & Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Gem Music & Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Gem Music & Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Gem Music & Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $247,500.00. Defendant's continued misconduct in violation of the law threatens Gem Music & Vending Co., Inc. with future losses and injuries attributable directly to the violation.

135.    General Food Vending is located in Mountainside, NJ and operates cigarette vending machines throughout Mountainside.  General Food Vending owns and operates 120 cigarette vending machines.  General Food Vending competes with other cigarette retail outlets, including but not limited to 7-Eleven #2412 11430, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  General Food Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to General Food Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against General Food Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between General Food Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, General Food Vending has been injured in its business and property through losses in sales and profits in an amount not less than $300,000.00.  Defendant's continued misconduct in violation of the law threatens General Food Vending with future losses and injuries attributable directly to the violation.

136.     Genesee Vending, Inc. is located in Flint, MI and operates cigarette vending machines throughout Flint.  Genesee Vending, Inc. owns and operates 150 cigarette vending machines.  Genesee Vending, Inc. competes with other cigarette retail outlets, including but not limited to BP Oil - EZ Run, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Genesee Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Genesee Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Genesee Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Genesee Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Genesee Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Genesee Vending, Inc. with future losses and injuries attributable directly to the violation.

137.    Gill Clark Bullseye Amusement, Inc. is located in Germantown, OH and operates cigarette vending machines throughout Germantown.  Gill Clark Bullseye Amusement, Inc. owns and operates 150 cigarette vending machines.  Gill Clark Bullseye Amusement, Inc. competes with other cigarette retail outlets, including but not limited to Speedway #5241, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Gill Clark Bullseye Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Gill Clark Bullseye Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Gill Clark Bullseye Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Gill Clark Bullseye Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Gill Clark Bullseye Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Gill Clark Bullseye Amusement, Inc. with future losses and injuries attributable directly to the violation.

138.    Go Vending Service, Inc. is located in Cape Canaveral, FL and operates cigarette vending machines throughout Cape Canaveral.  Go Vending Service, Inc. owns and operates 150 cigarette vending machines.  Go Vending Service, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1507 22407, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Go Vending Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Go Vending Service, Inc.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Go Vending Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Go Vending Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Go Vending Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Go Vending Service, Inc. with future losses and injuries attributable directly to the violation.

139.    Gold Coin Amusements is located in Bellbrook, OH and operates cigarette vending machines throughout Bellbrook.  Gold Coin Amusements owns and operates 16 cigarette vending machines.  Gold Coin Amusements competes with other cigarette retail outlets, including but not limited to Bellbrook Citgo, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Gold Coin Amusements's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Gold Coin Amusements. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Gold Coin Amusements and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Gold Coin Amusements and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Gold Coin Amusements has been injured in its business and property through losses in sales and profits in an amount not less than $40,000.00.  Defendant's continued misconduct in violation of the law threatens Gold Coin Amusements with future losses and injuries attributable directly to the violation.

140.     Goodtime Music & Games is located in Capistrano Beach, CA and operates cigarette vending machines throughout Capistrano Beach.  Goodtime Music & Games owns and operates 150 cigarette vending machines.  Goodtime Music & Games competes with other cigarette retail outlets, including but not limited to Seven Eleven # 16483, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Goodtime Music & Games's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Goodtime Music & Games. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Goodtime Music & Games and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Goodtime Music & Games and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Goodtime Music & Games has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Goodtime Music & Games with future losses and injuries attributable directly to the violation.

141.    Go-Vending Service, Inc. is located in Charlotte, NC and operates cigarette vending machines throughout Charlotte.  Go-Vending Service, Inc. owns and operates 233 cigarette vending machines.  Go-Vending Service, Inc. competes with other cigarette retail outlets, including but not limited to Quick Shoppe #3, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Go-Vending Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Go-Vending Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Go-Vending Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Go-Vending Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Go-Vending Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $582,500.00.  Defendant's continued misconduct in violation of the law threatens Go-Vending Service, Inc. with future losses and injuries attributable directly to the violation.

142.    Grande Games, Inc. is located in Holy Hill, FL and operates cigarette vending machines throughout Holy Hill.  Grande Games, Inc. owns and operates 15 cigarette vending machines.  Grande Games, Inc. competes with other cigarette retail outlets, including but not limited to Express Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Grande Games, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Grande Games, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Grande Games, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Grande Games, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Grande Games, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $37,500.00. Defendant's continued misconduct in violation of the law threatens Grande Games, Inc. with future losses and injuries attributable directly to the violation.

143.    Granite State Music Company is located in Goffstown, NH and operates cigarette vending machines throughout Goffstown.  Granite State Music Company owns and operates 77 cigarette vending machines.  Granite State Music Company competes with other cigarette retail outlets, including but not limited to Goffstown Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Granite State Music Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Granite State Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Granite State Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Granite State Music Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Granite State Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $192,500.00.  Defendant's continued misconduct in violation of the law threatens Granite State Music Company with future losses and injuries attributable directly to the violation.

144.     Great Vending Company is located in Hot Springs, AR and operates cigarette vending machines throughout Hot Springs.  Great Vending Company owns and operates 18 cigarette vending machines.  Great Vending Company competes with other cigarette retail outlets, including but not limited to E-Z Mart #62, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Great Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Great Vending Company.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Great Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Great Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Great Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $45,000.00.  Defendant's continued misconduct in violation of the law threatens Great Vending Company with future losses and injuries attributable directly to the violation.

145.    Harber Technology, Inc. is located in Cincinnati, OH and operates cigarette vending machines throughout Cincinnati.  Harber Technology, Inc. owns and operates 150 cigarette vending machines.  Harber Technology, Inc. competes with other cigarette retail outlets, including but not limited to Speedway #9680, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Harber Technology, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Harber Technology, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Harber Technology, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Harber Technology, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Harber Technology, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Harber Technology, Inc. with future losses and injuries attributable directly to the violation.

146.     Hazelwood Corporation is located in Aitkin, MN and operates cigarette vending machines throughout Aitkin.  Hazelwood Corporation owns and operates 65 cigarette vending machines.  Hazelwood Corporation competes with other cigarette retail outlets, including but not limited to EZ-Stop #02, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Hazelwood Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hazelwood Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Hazelwood Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hazelwood Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Hazelwood Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $162,500.00.  Defendant's continued misconduct in violation of the law threatens Hazelwood Corporation with future losses and injuries attributable directly to the violation.

147.    Hellenic Automatic Vending, Inc. is located in Detroit, MI and operates cigarette vending machines throughout Detroit.  Hellenic Automatic Vending, Inc. owns and operates 169 cigarette vending machines.  Hellenic Automatic Vending, Inc. competes with other cigarette retail outlets, including but not limited to G & E Gas Mart BP, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Hellenic Automatic Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hellenic Automatic Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Hellenic Automatic Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hellenic Automatic Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Hellenic Automatic Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $422,500.00.  Defendant's continued misconduct in violation of the law threatens Hellenic Automatic Vending, Inc. with future losses and injuries attributable directly to the violation.

148.     Heritage Amusement Company is located in Athens, GA and operates cigarette vending machines throughout Athens.  Heritage Amusement Company owns and operates 150 cigarette vending machines.  Heritage Amusement Company competes with other cigarette retail outlets, including but not limited to Murphy USA #6788, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Heritage Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Heritage Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Heritage Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Heritage Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Heritage Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Heritage Amusement Company with future losses and injuries attributable directly to the violation.

149.     Hilbrenner Coin Equipment Company, Inc. is located in Waverly, MO and operates cigarette vending machines throughout Waverly.  Hilbrenner Coin Equipment Company, Inc. owns and operates 54 cigarette vending machines.  Hilbrenner Coin Equipment Company, Inc. competes with other cigarette retail outlets, including but not limited to Casey's #1099, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Hilbrenner Coin Equipment Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hilbrenner Coin Equipment Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Hilbrenner Coin Equipment Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hilbrenner Coin Equipment Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Hilbrenner Coin Equipment Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $135,000.00.  Defendant's continued misconduct in violation of the law threatens Hilbrenner Coin Equipment Company, Inc. with future losses and injuries attributable directly to the violation.

150.    Hillman Vending Co., Inc. is located in Napa, CA and operates cigarette vending machines throughout Napa.  Hillman Vending Co., Inc. owns and operates 150 cigarette vending machines.  Hillman Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2231 14150, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Hillman Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hillman Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Hillman Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hillman Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Hillman Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Hillman Vending Co., Inc. with future losses and injuries attributable directly to the violation.

151.    Hodges & Simone Enterprises, Inc. d/b/a Coastal Vending is located in Miami,

FL and operates cigarette vending machines throughout Miami.  Hodges & Simone

Enterprises, Inc. d/b/a Coastal Vending owns and operates 150 cigarette vending

machines.  Hodges & Simone Enterprises, Inc. d/b/a Coastal Vending competes with

other cigarette retail outlets, including but not limited to ANQ Petroleum, in the sale of

Defendant's cigarette brands, including but not limited to Newport and Newport Lights,

to adult consumers.  Hodges & Simone Enterprises, Inc. d/b/a Coastal Vending's retail

competitors receive promotional benefits directly from Defendant, which include but are

not limited to: advertising and display payments, inventory payments, consumer

promotions, consumer price rebates and buy-down promotions.  Neither the

aforementioned promotional benefits, nor any proportionally equivalent benefits, are

made available to Hodges & Simone Enterprises, Inc. d/b/a Coastal Vending.

Defendant's cigarette brands and retail promotional benefits move continuously in a

stream of interstate commerce.  Defendant's discrimination in price and benefits against

Hodges & Simone Enterprises, Inc. d/b/a Coastal Vending and in favor of its other retail

customers has the effect of substantially lessening competition in the sale of cigarettes on

a per pack basis to adult consumers in the marketplace.  Defendant's misconduct

adversely affects and injures, suppresses and eliminates competition between Hodges &

Simone Enterprises, Inc. d/b/a Coastal Vending and Defendant's favored retail

customers.  By reason of Defendant's discrimination in price and benefits, Hodges &

Simone Enterprises, Inc. d/b/a Coastal Vending has been injured in its business and

property through losses in sales and profits in an amount not less than $375,000.00.

Defendant's continued misconduct in violation of the law threatens Hodges & Simone

Enterprises, Inc. d/b/a Coastal Vending with future losses and injuries attributable directly to the violation.

152.     Howard A. Herman D/B/A County Amusement Company is located in Mt. Vernon, NY and operates cigarette vending machines throughout Mt. Vernon.  Howard A. Herman D/B/A County Amusement Company owns and operates 150 cigarette vending machines.  Howard A. Herman D/B/A County Amusement Company competes with other cigarette retail outlets, including but not limited to Seven Eleven # 26719, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Howard A. Herman D/B/A County Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Howard A. Herman D/B/A County Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Howard A. Herman D/B/A County Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Howard A. Herman D/B/A County Amusement Company and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Howard A. Herman D/B/A County Amusement Company has been injured in its business and property through

losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Howard A. Herman D/B/A County Amusement Company with future losses and injuries attributable directly to the violation.

153.    Hughes Music Company is located in Springfield, OH and operates cigarette vending machines throughout Springfield. Hughes Music Company owns and operates 62 cigarette vending machines. Hughes Music Company competes with other cigarette retail outlets, including but not limited to Speedway #1025, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Hughes Music Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Hughes Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Hughes Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Hughes Music Company and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Hughes Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $155,000.00. Defendant's continued

misconduct in violation of the law threatens Hughes Music Company with future losses and injuries attributable directly to the violation.

154.    Isle Vending, Inc. is located in Marathon, FL and operates cigarette vending machines throughout Marathon.  Isle Vending, Inc. owns and operates 15 cigarette vending machines.  Isle Vending, Inc. competes with other cigarette retail outlets, including but not limited to Texaco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Isle Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Isle Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Isle Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Isle Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Isle Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $37,500.00. Defendant's continued misconduct in violation of the law threatens Isle Vending, Inc. with future losses and injuries attributable directly to the violation.

155.    J&J Ventures, Inc. is located in Effingham, IL and operates cigarette vending machines throughout Effingham.  J&J Ventures, Inc. owns and operates 150 cigarette vending machines.  J&J Ventures, Inc. competes with other cigarette retail outlets, including but not limited to Economart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  J&J Ventures, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to J&J Ventures, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against J&J Ventures, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between J&J Ventures, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, J&J Ventures, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens J&J Ventures, Inc. with future losses and injuries attributable directly to the violation.

156.    J&R Amusement Company, Inc. is located in Berwyn, IL and operates cigarette vending machines throughout Berwyn. J&R Amusement Company, Inc. owns and operates 219 cigarette vending machines. J&R Amusement Company, Inc. competes with other cigarette retail outlets, including but not limited to Ogden Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. J&R Amusement Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to J&R Amusement Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against J&R Amusement Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between J&R Amusement Company, Inc. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, J&R Amusement Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $547,500.00. Defendant's continued misconduct in violation of the law threatens J&R Amusement Company, Inc. with future losses and injuries attributable directly to the violation.

157.    J.C. Vending, Inc. is located in Fort Lauderdale, FL and operates cigarette vending machines throughout Fort Lauderdale.  J.C. Vending, Inc. owns and operates 54 cigarette vending machines.  J.C. Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1534 29367, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  J.C. Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to J.C. Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against J.C. Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between J.C. Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, J.C. Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $135,000.00. Defendant's continued misconduct in violation of the law threatens J.C. Vending, Inc. with future losses and injuries attributable directly to the violation.

158.    J.S. Vending, Inc. is located in Toledo, OH and operates cigarette vending machines throughout Toledo.  J.S. Vending, Inc. owns and operates 44 cigarette vending machines.  J.S. Vending, Inc. competes with other cigarette retail outlets, including but not limited to Gas & Go, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  J.S. Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to J.S. Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against J.S. Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between J.S. Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, J.S. Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $110,000.00. Defendant's continued misconduct in violation of the law threatens J.S. Vending, Inc. with future losses and injuries attributable directly to the violation.

159.     James A. Lewis d/b/a B&H Vendors is located in Nashville, TN and operates cigarette vending machines throughout Nashville.  James A. Lewis d/b/a B&H Vendors owns and operates 202 cigarette vending machines.  James A. Lewis d/b/a B&H Vendors competes with other cigarette retail outlets, including but not limited to Tiger Mart #51654, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  James A. Lewis d/b/a B&H Vendors's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to James A. Lewis d/b/a B&H Vendors. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against James A. Lewis d/b/a B&H Vendors and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between James A. Lewis d/b/a B&H Vendors and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, James A. Lewis d/b/a B&H Vendors has been injured in its business and property through losses in sales and profits in an amount not less than $505,000.00.  Defendant's continued misconduct in violation of the law threatens James A. Lewis d/b/a B&H Vendors with future losses and injuries attributable directly to the violation.

160.    JCS Enterprises, Inc. is located in Dayton, OH and operates cigarette vending machines throughout Dayton.  JCS Enterprises, Inc. owns and operates 50 cigarette vending machines.  JCS Enterprises, Inc. competes with other cigarette retail outlets, including but not limited to Sunoco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  JCS Enterprises, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to JCS Enterprises, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against JCS Enterprises, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between JCS Enterprises, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, JCS Enterprises, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $125,000.00.  Defendant's continued misconduct in violation of the law threatens JCS Enterprises, Inc. with future losses and injuries attributable directly to the violation.

161.    JEP Vending, Inc. is located in Smithfield, RI and operates cigarette vending machines throughout Smithfield.  JEP Vending, Inc. owns and operates 68 cigarette vending machines.  JEP Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2464 32614, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. JEP Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to JEP Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against JEP Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between JEP Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, JEP Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $170,000.00. Defendant's continued misconduct in violation of the law threatens JEP Vending, Inc. with future losses and injuries attributable directly to the violation.

162.     John G. Moellen D/B/A Atlantic Vending is located in Chaz, SC and operates cigarette vending machines throughout Chaz.  John G. Moellen D/B/A Atlantic Vending owns and operates 150 cigarette vending machines.  John G. Moellen D/B/A Atlantic Vending competes with other cigarette retail outlets, including but not limited to Hess Express #40229, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  John G. Moellen D/B/A Atlantic Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to John G. Moellen D/B/A Atlantic Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against John G. Moellen D/B/A Atlantic Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between John G. Moellen D/B/A Atlantic Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, John G. Moellen D/B/A Atlantic Vending has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens John G. Moellen D/B/A Atlantic Vending with future losses and injuries attributable directly to the violation.

163.    Joseph Tobacco Vending, Inc. is located in Vicksburg, MS and operates cigarette vending machines throughout Vicksburg.  Joseph Tobacco Vending, Inc. owns and operates 88 cigarette vending machines.  Joseph Tobacco Vending, Inc. competes with other cigarette retail outlets, including but not limited to Pantry #3447, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Joseph Tobacco Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Joseph Tobacco Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Joseph Tobacco Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Joseph Tobacco Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Joseph Tobacco Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $220,000.00. Defendant's continued misconduct in violation of the law threatens Joseph Tobacco Vending, Inc. with future losses and injuries attributable directly to the violation.

164.     K & R Services, Inc. is located in Kenosha, WI and operates cigarette vending machines throughout Kenosha.  K & R Services, Inc. owns and operates 150 cigarette vending machines.  K & R Services, Inc. competes with other cigarette retail outlets, including but not limited to Kwik Trip #312, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  K & R Services, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to K & R Services, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against K & R Services, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between K & R Services, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, K & R Services, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens K & R Services, Inc. with future losses and injuries attributable directly to the violation.

165.    Kelly Vending, Inc. is located in Whitewater, WI and operates cigarette vending machines throughout Whitewater.  Kelly Vending, Inc. owns and operates 60 cigarette vending machines.  Kelly Vending, Inc. competes with other cigarette retail outlets, including but not limited to Five Points Shell Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Kelly Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Kelly Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Kelly Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Kelly Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Kelly Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $150,000.00.  Defendant's continued misconduct in violation of the law threatens Kelly Vending, Inc. with future losses and injuries attributable directly to the violation.

166.    Kid Enterprises is located in Springfield, OH and operates cigarette vending machines throughout Springfield.  Kid Enterprises owns and operates 150 cigarette vending machines.  Kid Enterprises competes with other cigarette retail outlets, including but not limited to Speedway #1260, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Kid Enterprises's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Kid Enterprises. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Kid Enterprises and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Kid Enterprises and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Kid Enterprises has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Kid Enterprises with future losses and injuries attributable directly to the violation.

167.    L.J.H. Vending Services, Inc. is located in Blue Island, IL and operates cigarette vending machines throughout Blue Island.  L.J.H. Vending Services, Inc. owns and operates 150 cigarette vending machines.  L.J.H. Vending Services, Inc. competes with other cigarette retail outlets, including but not limited to Thornton Gas #111, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  L.J.H. Vending Services, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to L.J.H. Vending Services, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against L.J.H. Vending Services, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between L.J.H. Vending Services, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, L.J.H. Vending Services, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens L.J.H. Vending Services, Inc. with future losses and injuries attributable directly to the violation.

168.    Larry's Amusement & Vending Co. is located in Enid, OK and operates cigarette vending machines throughout Enid.  Larry's Amusement & Vending Co. owns and operates 53 cigarette vending machines.  Larry's Amusement & Vending Co. competes with other cigarette retail outlets, including but not limited to K-Kwik Stop, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Larry's Amusement & Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Larry's Amusement & Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Larry's Amusement & Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Larry's Amusement & Vending Co. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Larry's Amusement & Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $132,500.00.  Defendant's continued misconduct in violation of the law threatens Larry's Amusement & Vending Co. with future losses and injuries attributable directly to the violation.

169.    Lars Group, Inc. d/b/a State Vending Co. is located in Lansing, MI and operates cigarette vending machines throughout Lansing.  Lars Group, Inc. d/b/a State Vending Co. owns and operates 114 cigarette vending machines.  Lars Group, Inc. d/b/a State Vending Co. competes with other cigarette retail outlets, including but not limited to Quality Dairy #4, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Lars Group, Inc. d/b/a State Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Lars Group, Inc. d/b/a State Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Lars Group, Inc. d/b/a State Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Lars Group, Inc. d/b/a State Vending Co. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Lars Group, Inc. d/b/a State Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $285,000.00. Defendant's continued misconduct in violation of the law threatens Lars Group, Inc. d/b/a State Vending Co. with future losses and injuries attributable directly to the violation.

170.    Lion Investments, LLC d/b/a AA Amusement is located in Yuma, AZ and operates cigarette vending machines throughout Yuma.  Lion Investments, LLC d/b/a AA Amusement owns and operates 43 cigarette vending machines.  Lion Investments, LLC d/b/a AA Amusement competes with other cigarette retail outlets, including but not limited to Circle K #1356, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Lion Investments, LLC d/b/a AA Amusement's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Lion Investments, LLC d/b/a AA Amusement. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Lion Investments, LLC d/b/a AA Amusement and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Lion Investments, LLC d/b/a AA Amusement and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Lion Investments, LLC d/b/a AA Amusement has been injured in its business and property through losses in sales and profits in an amount not less than $107,500.00.  Defendant's continued misconduct in violation of the law threatens Lion Investments, LLC d/b/a AA Amusement with future losses and injuries attributable directly to the violation.

171.     Lorain Music & Vending Company is located in Amherst, OH and operates cigarette vending machines throughout Amherst.  Lorain Music & Vending Company owns and operates 242 cigarette vending machines.  Lorain Music & Vending Company competes with other cigarette retail outlets, including but not limited to Speedway #9975, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Lorain Music & Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Lorain Music & Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Lorain Music & Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Lorain Music & Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Lorain Music & Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $605,000.00.  Defendant's continued misconduct in violation of the law threatens Lorain Music & Vending Company with future losses and injuries attributable directly to the violation.

172.     Lowell Vending Co., Inc. is located in Dracut, MA and operates cigarette vending machines throughout Dracut.  Lowell Vending Co., Inc. owns and operates 192 cigarette vending machines.  Lowell Vending Co., Inc. competes with other cigarette retail outlets, including but not limited to Broadway Convenience, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Lowell Vending Co., Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Lowell Vending Co., Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Lowell Vending Co., Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Lowell Vending Co., Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Lowell Vending Co., Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $480,000.00.  Defendant's continued misconduct in violation of the law threatens Lowell Vending Co., Inc. with future losses and injuries attributable directly to the violation.

173.     Mackey Vending Company is located in Midwest City, OK and operates cigarette vending machines throughout Midwest City.  Mackey Vending Company owns and operates 128 cigarette vending machines.  Mackey Vending Company competes with other cigarette retail outlets, including but not limited to 7-Eleven #78, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Mackey Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Mackey Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Mackey Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Mackey Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Mackey Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $320,000.00.  Defendant's continued misconduct in violation of the law threatens Mackey Vending Company with future losses and injuries attributable directly to the violation.

174.    Malouf Music Company, Inc. is located in Greenwood, MS and operates cigarette vending machines throughout Greenwood.  Malouf Music Company, Inc. owns and operates 81 cigarette vending machines.  Malouf Music Company, Inc. competes with other cigarette retail outlets, including but not limited to Mini Mart #651, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Malouf Music Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Malouf Music Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Malouf Music Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Malouf Music Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Malouf Music Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $202,500.00.  Defendant's continued misconduct in violation of the law threatens Malouf Music Company, Inc. with future losses and injuries attributable directly to the violation.

175.    Manford Music & Vending, Inc. is located in Huron, SD and operates cigarette vending machines throughout Huron.  Manford Music & Vending, Inc. owns and operates 11 cigarette vending machines.  Manford Music & Vending, Inc. competes with other cigarette retail outlets, including but not limited to Double Quick #25, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Manford Music & Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Manford Music & Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Manford Music & Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Manford Music & Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Manford Music & Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $27,500.00.  Defendant's continued misconduct in violation of the law threatens Manford Music & Vending, Inc. with future losses and injuries attributable directly to the violation.

176.    Mannie's Vending is located in Union, NJ and operates cigarette vending machines throughout Union.  Mannie's Vending owns and operates 228 cigarette vending machines.  Mannie's Vending competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Mannie's Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Mannie's Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Mannie's Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Mannie's Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Mannie's Vending has been injured in its business and property through losses in sales and profits in an amount not less than $570,000.00. Defendant's continued misconduct in violation of the law threatens Mannie's Vending with future losses and injuries attributable directly to the violation.

177.    Melody Amusement Company is located in Portland, OR and operates cigarette vending machines throughout Portland.  Melody Amusement Company owns and operates 150 cigarette vending machines.  Melody Amusement Company competes with other cigarette retail outlets, including but not limited to 76 Lombard, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Melody Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Melody Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Melody Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Melody Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Melody Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Melody Amusement Company with future losses and injuries attributable directly to the violation.

178.    Melody Vending Service is located in Rantoul, IL and operates cigarette vending machines throughout Rantoul.  Melody Vending Service owns and operates 83 cigarette vending machines.  Melody Vending Service competes with other cigarette retail outlets, including but not limited to Mobil Super Pantry, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Melody Vending Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Melody Vending Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Melody Vending Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Melody Vending Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Melody Vending Service has been injured in its business and property through losses in sales and profits in an amount not less than $207,500.00.  Defendant's continued misconduct in violation of the law threatens Melody Vending Service with future losses and injuries attributable directly to the violation.

179.     Melo-Tone Vending, Inc. is located in Somerville, MA and operates cigarette vending machines throughout Somerville.  Melo-Tone Vending, Inc. owns and operates 1438 cigarette vending machines.  Melo-Tone Vending, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2462 32473, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Melo-Tone Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Melo-Tone Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Melo-Tone Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Melo-Tone Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Melo-Tone Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $3,595,000.00.  Defendant's continued misconduct in violation of the law threatens Melo-Tone Vending, Inc. with future losses and injuries attributable directly to the violation.

180.    Mendota valley Amusement, Inc. is located in Inver Grove Heights, MN and operates cigarette vending machines throughout Inver Grove Heights.  Mendota valley Amusement, Inc. owns and operates 26 cigarette vending machines.  Mendota valley Amusement, Inc. competes with other cigarette retail outlets, including but not limited to Gas Plus (Holiday), in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Mendota valley Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Mendota valley Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Mendota valley Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Mendota valley Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Mendota valley Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $65,000.00.  Defendant's continued misconduct in violation of the law threatens Mendota valley Amusement, Inc. with future losses and injuries attributable directly to the violation.

181.    Metro Route Service is located in Irving, TX and operates cigarette vending machines throughout Irving.  Metro Route Service owns and operates 150 cigarette vending machines.  Metro Route Service competes with other cigarette retail outlets, including but not limited to 7-Eleven #1631 32918, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Metro Route Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Metro Route Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Metro Route Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Metro Route Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Metro Route Service has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Metro Route Service with future losses and injuries attributable directly to the violation.

182.     Miller Amusement & Vending Co. is located in Galena, MO and operates cigarette vending machines throughout Galena.  Miller Amusement & Vending Co. owns and operates 71 cigarette vending machines.  Miller Amusement & Vending Co. competes with other cigarette retail outlets, including but not limited to Y 76 Handy Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Miller Amusement & Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Miller Amusement & Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Miller Amusement & Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Miller Amusement & Vending Co. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Miller Amusement & Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $177,500.00.  Defendant's continued misconduct in violation of the law threatens Miller Amusement & Vending Co. with future losses and injuries attributable directly to the violation.

183.    Minchew Amusement & Vending is located in Dayton, OH and operates cigarette vending machines throughout Dayton.  Minchew Amusement & Vending owns and operates 356 cigarette vending machines.  Minchew Amusement & Vending competes with other cigarette retail outlets, including but not limited to Dryden Sunoco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Minchew Amusement & Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Minchew Amusement & Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Minchew Amusement & Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Minchew Amusement & Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Minchew Amusement & Vending has been injured in its business and property through losses in sales and profits in an amount not less than $890,000.00.  Defendant's continued misconduct in violation of the law threatens Minchew Amusement & Vending with future losses and injuries attributable directly to the violation.

184.    Misty Cigarette Service is located in East Meadow, NY and operates cigarette vending machines throughout East Meadow.  Misty Cigarette Service owns and operates 45 cigarette vending machines.  Misty Cigarette Service competes with other cigarette retail outlets, including but not limited to 7-Eleven 2422-25449, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Misty Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Misty Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Misty Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Misty Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Misty Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $112,500.00.  Defendant's continued misconduct in violation of the law threatens Misty Cigarette Service with future losses and injuries attributable directly to the violation.

185.    Mitchell Novelty Company is located in Milwaukee, WI and operates cigarette vending machines throughout Milwaukee.  Mitchell Novelty Company owns and operates 98 cigarette vending machines.  Mitchell Novelty Company competes with other cigarette retail outlets, including but not limited to Stadium Citgo, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Mitchell Novelty Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Mitchell Novelty Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Mitchell Novelty Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Mitchell Novelty Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Mitchell Novelty Company has been injured in its business and property through losses in sales and profits in an amount not less than $245,000.00.  Defendant's continued misconduct in violation of the law threatens Mitchell Novelty Company with future losses and injuries attributable directly to the violation.

186.     Modern Music & Games is located in Strongsville, OH and operates cigarette vending machines throughout Strongsville.  Modern Music & Games owns and operates 150 cigarette vending machines.  Modern Music & Games competes with other cigarette retail outlets, including but not limited to Dairy Mart #5246, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Modern Music & Games's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Modern Music & Games. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Modern Music & Games and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Modern Music & Games and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Modern Music & Games has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Modern Music & Games with future losses and injuries attributable directly to the violation.

187.    Naples Vending is located in Naples, FL and operates cigarette vending machines throughout Naples.  Naples Vending owns and operates 150 cigarette vending machines. Naples Vending competes with other cigarette retail outlets, including but not limited to 7-Eleven #1554 24259, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Naples Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Naples Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Naples Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Naples Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Naples Vending has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Naples Vending with future losses and injuries attributable directly to the violation.

188.    Narragansett Vending Company is located in Providence, RI and operates cigarette vending machines throughout Providence.  Narragansett Vending Company owns and operates 150 cigarette vending machines.  Narragansett Vending Company competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Narragansett Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Narragansett Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Narragansett Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Narragansett Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Narragansett Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Narragansett Vending Company with future losses and injuries attributable directly to the violation.

189.    National Vending is located in Denver, CO and operates cigarette vending machines throughout Denver.  National Vending owns and operates 71 cigarette vending machines.  National Vending competes with other cigarette retail outlets, including but not limited to 7-Eleven #1827 16094, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  National Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to National Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against National Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between National Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, National Vending has been injured in its business and property through losses in sales and profits in an amount not less than $177,500.00.  Defendant's continued misconduct in violation of the law threatens National Vending with future losses and injuries attributable directly to the violation.

190.     Neil Beresth is located in Delray Beach, FL and operates cigarette vending machines throughout Delray Beach.  Neil Beresth owns and operates 150 cigarette vending machines.  Neil Beresth competes with other cigarette retail outlets, including but not limited to Publix #0388, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Neil Beresth's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Neil Beresth. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Neil Beresth and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Neil Beresth and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Neil Beresth has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Neil Beresth with future losses and injuries attributable directly to the violation.

191.     Newman Amusement, Inc. is located in Polar Bluff, MO and operates cigarette vending machines throughout Polar Bluff.  Newman Amusement, Inc. owns and operates 150 cigarette vending machines.  Newman Amusement, Inc. competes with other cigarette retail outlets, including but not limited to Broadway Citgo, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Newman Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Newman Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Newman Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Newman Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Newman Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Newman Amusement, Inc. with future losses and injuries attributable directly to the violation.

192.    Nick's Music & Games Company is located in Toledo, OH and operates cigarette vending machines throughout Toledo.  Nick's Music & Games Company owns and operates 102 cigarette vending machines.  Nick's Music & Games Company competes with other cigarette retail outlets, including but not limited to BP FS #06791, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Nick's Music & Games Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Nick's Music & Games Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Nick's Music & Games Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Nick's Music & Games Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Nick's Music & Games Company has been injured in its business and property through losses in sales and profits in an amount not less than $255,000.00.  Defendant's continued misconduct in violation of the law threatens Nick's Music & Games Company with future losses and injuries attributable directly to the violation.

193.    Northwest Coin Machine is located in Portland, OR and operates cigarette vending machines throughout Portland.  Northwest Coin Machine owns and operates 150 cigarette vending machines.  Northwest Coin Machine competes with other cigarette retail outlets, including but not limited to 7-Eleven #2353 25200, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Northwest Coin Machine's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Northwest Coin Machine.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Northwest Coin Machine and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Northwest Coin Machine and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Northwest Coin Machine has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Northwest Coin Machine with future losses and injuries attributable directly to the violation.

194.    Northwoods Coin Machines, Inc. is located in Rhinelander, WI and operates cigarette vending machines throughout Rhinelander.  Northwoods Coin Machines, Inc. owns and operates 66 cigarette vending machines.  Northwoods Coin Machines, Inc. competes with other cigarette retail outlets, including but not limited to Mobil Mart Hodag, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Northwoods Coin Machines, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Northwoods Coin Machines, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Northwoods Coin Machines, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Northwoods Coin Machines, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Northwoods Coin Machines, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $165,000.00.  Defendant's continued misconduct in violation of the law threatens Northwoods Coin Machines, Inc. with future losses and injuries attributable directly to the violation.

195.    O.K. Novelty Company, Inc. is located in St. Louis, MO and operates cigarette vending machines throughout St. Louis.  O.K. Novelty Company, Inc. owns and operates 282 cigarette vending machines.  O.K. Novelty Company, Inc. competes with other cigarette retail outlets, including but not limited to QuikTrip #625, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  O.K. Novelty Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to O.K. Novelty Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against O.K. Novelty Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between O.K. Novelty Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, O.K. Novelty Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $705,000.00. Defendant's continued misconduct in violation of the law threatens O.K. Novelty Company, Inc. with future losses and injuries attributable directly to the violation.

196.    Ohio Vending Machine, Inc. is located in Elyria, OH and operates cigarette vending machines throughout Elyria.  Ohio Vending Machine, Inc. owns and operates 244 cigarette vending machines.  Ohio Vending Machine, Inc. competes with other cigarette retail outlets, including but not limited to Speedway #3622, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Ohio Vending Machine, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ohio Vending Machine, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ohio Vending Machine, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ohio Vending Machine, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ohio Vending Machine, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $610,000.00. Defendant's continued misconduct in violation of the law threatens Ohio Vending Machine, Inc. with future losses and injuries attributable directly to the violation.

197.    Owen Music and Games is located in Vero Beach, FL and operates cigarette vending machines throughout Vero Beach.  Owen Music and Games owns and operates 22 cigarette vending machines.  Owen Music and Games competes with other cigarette retail outlets, including but not limited to 7-Eleven #1532 22868, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Owen Music and Games's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Owen Music and Games. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Owen Music and Games and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Owen Music and Games and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Owen Music and Games has been injured in its business and property through losses in sales and profits in an amount not less than $55,000.00.  Defendant's continued misconduct in violation of the law threatens Owen Music and Games with future losses and injuries attributable directly to the violation.

198.    P&D Games is located in Lockhaven, PA and operates cigarette vending machines throughout Lockhaven.  P&D Games owns and operates 45 cigarette vending machines.  P&D Games competes with other cigarette retail outlets, including but not limited to Puff Express#10, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  P&D Games's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to P&D Games. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against P&D Games and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between P&D Games and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, P&D Games has been injured in its business and property through losses in sales and profits in an amount not less than $112,500.00. Defendant's continued misconduct in violation of the law threatens P&D Games with future losses and injuries attributable directly to the violation.

199.    Paramount Vending, Inc. is located in Pompano Beach, FL and operates cigarette vending machines throughout Pompano Beach.  Paramount Vending, Inc. owns and operates 947 cigarette vending machines.  Paramount Vending, Inc. competes with other cigarette retail outlets, including but not limited to Citgo Quik Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Paramount Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Paramount Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Paramount Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Paramount Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Paramount Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $2,367,500.00.  Defendant's continued misconduct in violation of the law threatens Paramount Vending, Inc. with future losses and injuries attributable directly to the violation.

200.    Paramount Vending, Inc. is located in Poughkeepsie, NY and operates cigarette vending machines throughout Poughkeepsie.  Paramount Vending, Inc. owns and operates 150 cigarette vending machines.  Paramount Vending, Inc. competes with other cigarette retail outlets, including but not limited to Sunoco Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Paramount Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Paramount Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Paramount Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Paramount Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Paramount Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Paramount Vending, Inc. with future losses and injuries attributable directly to the violation.

201.    Peachtree Music & Amusements, Inc. is located in Keyser, WV and operates cigarette vending machines throughout Keyser.  Peachtree Music & Amusements, Inc. owns and operates 150 cigarette vending machines.  Peachtree Music & Amusements, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2583 17109, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Peachtree Music & Amusements, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Peachtree Music & Amusements, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Peachtree Music & Amusements, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Peachtree Music & Amusements, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Peachtree Music & Amusements, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Peachtree Music & Amusements, Inc. with future losses and injuries attributable directly to the violation.

202.     Penn Triple S t/a Penn Vending Company is located in Bensalem, PA and operates cigarette vending machines throughout Bensalem.  Penn Triple S t/a Penn Vending Company owns and operates 938 cigarette vending machines.  Penn Triple S t/a Penn Vending Company competes with other cigarette retail outlets, including but not limited to Wawa #077, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Penn Triple S t/a Penn Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Penn Triple S t/a Penn Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Penn Triple S t/a Penn Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Penn Triple S t/a Penn Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Penn Triple S t/a Penn Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $2,345,000.00.  Defendant's continued misconduct in violation of the law threatens Penn Triple S t/a Penn Vending Company with future losses and injuries attributable directly to the violation.

203.     Peteran Enterprises is located in Lampoo, CA and operates cigarette vending machines throughout Lampoo.  Peteran Enterprises owns and operates 150 cigarette vending machines.  Peteran Enterprises competes with other cigarette retail outlets, including but not limited to Circle K #1215, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Peteran Enterprises's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Peteran Enterprises. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Peteran Enterprises and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Peteran Enterprises and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Peteran Enterprises has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Peteran Enterprises with future losses and injuries attributable directly to the violation.

204.    Plaia's, Inc. is located in Beaumont, TX and operates cigarette vending machines throughout Beaumont.  Plaia's, Inc. owns and operates 27 cigarette vending machines. Plaia's, Inc. competes with other cigarette retail outlets, including but not limited to Super Stop #16, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Plaia's, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Plaia's, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Plaia's, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Plaia's, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Plaia's, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $67,500.00.  Defendant's continued misconduct in violation of the law threatens Plaia's, Inc. with future losses and injuries attributable directly to the violation.

205.     Premier Amusement, Inc. is located in Fort Worth, TX and operates cigarette vending machines throughout Fort Worth.  Premier Amusement, Inc. owns and operates 97 cigarette vending machines.  Premier Amusement, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1631 29347, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Premier Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Premier Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Premier Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Premier Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Premier Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $242,500.00.  Defendant's continued misconduct in violation of the law threatens Premier Amusement, Inc. with future losses and injuries attributable directly to the violation.

206.     Prenergast Amusement is located in Kellogg, ID and operates cigarette vending machines throughout Kellogg.  Prenergast Amusement owns and operates 150 cigarette vending machines.  Prenergast Amusement competes with other cigarette retail outlets, including but not limited to Stein's IGA #1, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Prenergast Amusement's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Prenergast Amusement. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Prenergast Amusement and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Prenergast Amusement and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Prenergast Amusement has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Prenergast Amusement with future losses and injuries attributable directly to the violation.

207.    PSI Vending II is located in Oaklawn, IL and operates cigarette vending machines throughout Oaklawn.  PSI Vending II owns and operates 44 cigarette vending machines. PSI Vending II competes with other cigarette retail outlets, including but not limited to Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  PSI Vending II's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to PSI Vending II. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against PSI Vending II and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between PSI Vending II and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, PSI Vending II has been injured in its business and property through losses in sales and profits in an amount not less than $110,000.00.  Defendant's continued misconduct in violation of the law threatens PSI Vending II with future losses and injuries attributable directly to the violation.

208.    R&L Ventures d/b/a A-1 Amusement Company is located in Harker Heights, TX and operates cigarette vending machines throughout Harker Heights.  R&L Ventures d/b/a A-1 Amusement Company owns and operates 50 cigarette vending machines.  R&L Ventures d/b/a A-1 Amusement Company competes with other cigarette retail outlets, including but not limited to Mickey's #24, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  R&L Ventures d/b/a A-1 Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to R&L Ventures d/b/a A-1 Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against R&L Ventures d/b/a A-1 Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between R&L Ventures d/b/a A-1 Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, R&L Ventures d/b/a A-1 Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $125,000.00.  Defendant's continued misconduct in violation of the law threatens R&L Ventures d/b/a A-1 Amusement Company with future losses and injuries attributable directly to the violation.

209.    R&M Music Company is located in Broken Arrow, OK and operates cigarette vending machines throughout Broken Arrow.  R&M Music Company owns and operates 60 cigarette vending machines.  R&M Music Company competes with other cigarette retail outlets, including but not limited to Quik Trip #94, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  R&M Music Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to R&M Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against R&M Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between R&M Music Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, R&M Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $150,000.00.  Defendant's continued misconduct in violation of the law threatens R&M Music Company with future losses and injuries attributable directly to the violation.

210.    Rainbow Novelties is located in Daly City, CA and operates cigarette vending machines throughout Daly City.  Rainbow Novelties owns and operates 87 cigarette vending machines.  Rainbow Novelties competes with other cigarette retail outlets, including but not limited to 7-Eleven #2231 15969, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Rainbow Novelties's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Rainbow Novelties. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Rainbow Novelties and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Rainbow Novelties and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Rainbow Novelties has been injured in its business and property through losses in sales and profits in an amount not less than $217,500.00.  Defendant's continued misconduct in violation of the law threatens Rainbow Novelties with future losses and injuries attributable directly to the violation.

211.    Reliable Vending Service, Inc. is located in Key West, FL and operates cigarette vending machines throughout Key West.  Reliable Vending Service, Inc. owns and operates 69 cigarette vending machines.  Reliable Vending Service, Inc. competes with other cigarette retail outlets, including but not limited to Dion's Quik Mart #5, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Reliable Vending Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Reliable Vending Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Reliable Vending Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Reliable Vending Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Reliable Vending Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $172,500.00. Defendant's continued misconduct in violation of the law threatens Reliable Vending Service, Inc. with future losses and injuries attributable directly to the violation.

212.     Rendezvous Music & Vending is located in Eureka, CA and operates cigarette vending machines throughout Eureka.  Rendezvous Music & Vending owns and operates 31 cigarette vending machines.  Rendezvous Music & Vending competes with other cigarette retail outlets, including but not limited to Circle K FR #2444260, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Rendezvous Music & Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Rendezvous Music & Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Rendezvous Music & Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Rendezvous Music & Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Rendezvous Music & Vending has been injured in its business and property through losses in sales and profits in an amount not less than $77,500.00.  Defendant's continued misconduct in violation of the law threatens Rendezvous Music & Vending with future losses and injuries attributable directly to the violation.

213.     Robbins Vending Company is located in Cortland, NY and operates cigarette vending machines throughout Cortland.  Robbins Vending Company owns and operates 33 cigarette vending machines.  Robbins Vending Company competes with other cigarette retail outlets, including but not limited to Hess Express, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Robbins Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Robbins Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Robbins Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Robbins Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Robbins Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $82,500.00.  Defendant's continued misconduct in violation of the law threatens Robbins Vending Company with future losses and injuries attributable directly to the violation.

214.     Robert S. Johnson (Albert's Cigarette Service) is located in San Antonio, TX and operates cigarette vending machines throughout San Antonio.  Robert S. Johnson (Albert's Cigarette Service) owns and operates 150 cigarette vending machines.  Robert S. Johnson (Albert's Cigarette Service) competes with other cigarette retail outlets, including but not limited to Sunrise Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Robert S. Johnson (Albert's Cigarette Service)'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Robert S. Johnson (Albert's Cigarette Service). Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Robert S. Johnson (Albert's Cigarette Service) and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Robert S. Johnson (Albert's Cigarette Service) and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Robert S. Johnson (Albert's Cigarette Service) has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Robert S. Johnson (Albert's Cigarette Service) with future losses and injuries attributable directly to the violation.

215.     Ross Vending Company is located in Belhaven, NC and operates cigarette vending machines throughout Belhaven.  Ross Vending Company owns and operates 150 cigarette vending machines.  Ross Vending Company competes with other cigarette retail outlets, including but not limited to Food Lion #671, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Ross Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Ross Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Ross Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Ross Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Ross Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Ross Vending Company with future losses and injuries attributable directly to the violation.

216.     Rowe Cigarette Service, Inc. is located in Newport, RI and operates cigarette vending machines throughout Newport.  Rowe Cigarette Service, Inc. owns and operates 150 cigarette vending machines.  Rowe Cigarette Service, Inc. competes with other cigarette retail outlets, including but not limited to Cumberland Farms #1150, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Rowe Cigarette Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Rowe Cigarette Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Rowe Cigarette Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Rowe Cigarette Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Rowe Cigarette Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Rowe Cigarette Service, Inc. with future losses and injuries attributable directly to the violation.

217.    Roy George Music & Vending Corporation is located in Kirtland, OH and operates cigarette vending machines throughout Kirtland.  Roy George Music & Vending Corporation owns and operates 165 cigarette vending machines.  Roy George Music & Vending Corporation competes with other cigarette retail outlets, including but not limited to Speedway #3201, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Roy George Music & Vending Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Roy George Music & Vending Corporation.  Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Roy George Music & Vending Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Roy George Music & Vending Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Roy George Music & Vending Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $412,500.00.  Defendant's continued misconduct in violation of the law threatens Roy George Music & Vending Corporation with future losses and injuries attributable directly to the violation.

218.    Royal Leisure, Inc. is located in Holbrook, NY and operates cigarette vending machines throughout Holbrook.  Royal Leisure, Inc. owns and operates 190 cigarette vending machines.  Royal Leisure, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2423 11232, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Royal Leisure, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Royal Leisure, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Royal Leisure, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Royal Leisure, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Royal Leisure, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $475,000.00.  Defendant's continued misconduct in violation of the law threatens Royal Leisure, Inc. with future losses and injuries attributable directly to the violation.

219.    Russell-Hall Amusements & Vending is located in Holyoke, MA and operates cigarette vending machines throughout Holyoke.  Russell-Hall Amusements & Vending owns and operates 116 cigarette vending machines.  Russell-Hall Amusements & Vending competes with other cigarette retail outlets, including but not limited to 7-Eleven #2461 22398, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Russell-Hall Amusements & Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Russell-Hall Amusements & Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Russell-Hall Amusements & Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Russell-Hall Amusements & Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Russell-Hall Amusements & Vending has been injured in its business and property through losses in sales and profits in an amount not less than $290,000.00. Defendant's continued misconduct in violation of the law threatens Russell-Hall Amusements & Vending with future losses and injuries attributable directly to the violation.

220.    S&S Automatic is located in Milford, CT and operates cigarette vending machines throughout Milford.  S&S Automatic owns and operates 167 cigarette vending machines.  S&S Automatic competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  S&S Automatic's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to S&S Automatic. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against S&S Automatic and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between S&S Automatic and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, S&S Automatic has been injured in its business and property through losses in sales and profits in an amount not less than $417,500.00. Defendant's continued misconduct in violation of the law threatens S&S Automatic with future losses and injuries attributable directly to the violation.

221.    S&W Vending is located in Wharton, TX and operates cigarette vending machines throughout Wharton.  S&W Vending owns and operates 39 cigarette vending machines.  S&W Vending competes with other cigarette retail outlets, including but not limited to Corner Store #0939, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  S&W Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to S&W Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against S&W Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between S&W Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, S&W Vending has been injured in its business and property through losses in sales and profits in an amount not less than $97,500.00. Defendant's continued misconduct in violation of the law threatens S&W Vending with future losses and injuries attributable directly to the violation.

222.     S.A.S. Vending & Leasing Company, Inc. is located in Palm Beach Shores, FL and operates cigarette vending machines throughout Palm Beach Shores.  S.A.S. Vending & Leasing Company, Inc. owns and operates 150 cigarette vending machines.  S.A.S. Vending & Leasing Company, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1532 18325, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  S.A.S. Vending & Leasing Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to S.A.S. Vending & Leasing Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against S.A.S. Vending & Leasing Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between S.A.S. Vending & Leasing Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, S.A.S. Vending & Leasing Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens S.A.S. Vending & Leasing Company, Inc. with future losses and injuries attributable directly to the violation.

223.    Savannah Cigarette & Amusement Service, Inc. is located in Savannah, GA and operates cigarette vending machines throughout Savannah.  Savannah Cigarette & Amusement Service, Inc. owns and operates 128 cigarette vending machines.  Savannah Cigarette & Amusement Service, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1532 18325, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Savannah Cigarette & Amusement Service, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Savannah Cigarette & Amusement Service, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Savannah Cigarette & Amusement Service, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Savannah Cigarette & Amusement Service, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Savannah Cigarette & Amusement Service, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $320,000.00.  Defendant's continued misconduct in violation of the law threatens Savannah Cigarette & Amusement Service, Inc. with future losses and injuries attributable directly to the violation.

224.    Self Service Amusement Corporation is located in Hollywood, FL and operates cigarette vending machines throughout Hollywood.  Self Service Amusement Corporation owns and operates 22 cigarette vending machines.  Self Service Amusement Corporation competes with other cigarette retail outlets, including but not limited to Cumberland Farms, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Self Service Amusement Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Self Service Amusement Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Self Service Amusement Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Self Service Amusement Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Self Service Amusement Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $55,000.00. Defendant's continued misconduct in violation of the law threatens Self Service Amusement Corporation with future losses and injuries attributable directly to the violation.

225.     Self Service Sales is located in Bloomfield, CT and operates cigarette vending machines throughout Bloomfield.  Self Service Sales owns and operates 150 cigarette vending machines.  Self Service Sales competes with other cigarette retail outlets, including but not limited to Bloomfield Exxon, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Self Service Sales's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Self Service Sales. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Self Service Sales and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Self Service Sales and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Self Service Sales has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Self Service Sales with future losses and injuries attributable directly to the violation.

226.    Shaffer Services, Inc. is located in Columbus, OH and operates cigarette vending machines throughout Columbus.  Shaffer Services, Inc. owns and operates 425 cigarette vending machines.  Shaffer Services, Inc. competes with other cigarette retail outlets, including but not limited to Speedway #9371, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Shaffer Services, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Shaffer Services, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Shaffer Services, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Shaffer Services, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Shaffer Services, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $1,062,500.00.  Defendant's continued misconduct in violation of the law threatens Shaffer Services, Inc. with future losses and injuries attributable directly to the violation.

227.    Skylark Automatic Vending is located in Milwaukee, WI and operates cigarette vending machines throughout Milwaukee.  Skylark Automatic Vending owns and operates 150 cigarette vending machines.  Skylark Automatic Vending competes with other cigarette retail outlets, including but not limited to Sherman Citgo, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Skylark Automatic Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Skylark Automatic Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Skylark Automatic Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Skylark Automatic Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Skylark Automatic Vending has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Skylark Automatic Vending with future losses and injuries attributable directly to the violation.

228.    Sobota Enterprises is located in Grandville, MI and operates cigarette vending machines throughout Grandville.  Sobota Enterprises owns and operates 150 cigarette vending machines.  Sobota Enterprises competes with other cigarette retail outlets, including but not limited to Speedway Super America, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Sobota Enterprises's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Sobota Enterprises. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Sobota Enterprises and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Sobota Enterprises and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Sobota Enterprises has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Sobota Enterprises with future losses and injuries attributable directly to the violation.

229.    Southern Vending Company is located in Ardmore, OK and operates cigarette vending machines throughout Ardmore.  Southern Vending Company owns and operates 49 cigarette vending machines.  Southern Vending Company competes with other cigarette retail outlets, including but not limited to E-Z Shop #1, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Southern Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Southern Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Southern Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Southern Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Southern Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $122,500.00. Defendant's continued misconduct in violation of the law threatens Southern Vending Company with future losses and injuries attributable directly to the violation.

230.     Southern Vending Services is located in Birmingham, AL and operates cigarette vending machines throughout Birmingham.  Southern Vending Services owns and operates 74 cigarette vending machines.  Southern Vending Services competes with other cigarette retail outlets, including but not limited to SNAX-N-PAX Shell, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Southern Vending Services's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Southern Vending Services. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Southern Vending Services and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Southern Vending Services and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Southern Vending Services has been injured in its business and property through losses in sales and profits in an amount not less than $185,000.00.  Defendant's continued misconduct in violation of the law threatens Southern Vending Services with future losses and injuries attributable directly to the violation.

231.    Southland Vending Machine, Inc. is located in Abingdon, VA and operates cigarette vending machines throughout Abingdon.  Southland Vending Machine, Inc. owns and operates 68 cigarette vending machines.  Southland Vending Machine, Inc. competes with other cigarette retail outlets, including but not limited to Quick Stop #30, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Southland Vending Machine, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Southland Vending Machine, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Southland Vending Machine, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Southland Vending Machine, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Southland Vending Machine, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $170,000.00.  Defendant's continued misconduct in violation of the law threatens Southland Vending Machine, Inc. with future losses and injuries attributable directly to the violation.

232.     Southway Amusement Company is located in Newport, TN and operates cigarette vending machines throughout Newport.  Southway Amusement Company owns and operates 92 cigarette vending machines.  Southway Amusement Company competes with other cigarette retail outlets, including but not limited to Expres Mart #2, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Southway Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Southway Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Southway Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Southway Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Southway Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $230,000.00.  Defendant's continued misconduct in violation of the law threatens Southway Amusement Company with future losses and injuries attributable directly to the violation.

233.     Stansfield Vending, Inc. is located in La Crosse, WI and operates cigarette vending machines throughout La Crosse.  Stansfield Vending, Inc. owns and operates 243 cigarette vending machines.  Stansfield Vending, Inc. competes with other cigarette retail outlets, including but not limited to Bion's Service Center, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Stansfield Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Stansfield Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Stansfield Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Stansfield Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Stansfield Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $607,500.00.  Defendant's continued misconduct in violation of the law threatens Stansfield Vending, Inc. with future losses and injuries attributable directly to the violation.

234.    State Amusement Company is located in Roanoke, VA and operates cigarette vending machines throughout Roanoke.  State Amusement Company owns and operates 114 cigarette vending machines.  State Amusement Company competes with other cigarette retail outlets, including but not limited to 7-Eleven #2531 17826, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  State Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to State Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against State Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between State Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, State Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $285,000.00.  Defendant's continued misconduct in violation of the law threatens State Amusement Company with future losses and injuries attributable directly to the violation.

235.    Stomel Vending Co. is located in Cherry Hill, NJ and operates cigarette vending machines throughout Cherry Hill.  Stomel Vending Co. owns and operates 150 cigarette vending machines.  Stomel Vending Co. competes with other cigarette retail outlets, including but not limited to Wawa #374, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Stomel Vending Co.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Stomel Vending Co. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Stomel Vending Co. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Stomel Vending Co. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Stomel Vending Co. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Stomel Vending Co. with future losses and injuries attributable directly to the violation.

236.     Storz Distributing, Inc. is located in Jeffersonville, IN and operates cigarette vending machines throughout Jeffersonville.  Storz Distributing, Inc. owns and operates 150 cigarette vending machines.  Storz Distributing, Inc. competes with other cigarette retail outlets, including but not limited to Speedway Service Station, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Storz Distributing, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Storz Distributing, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Storz Distributing, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Storz Distributing, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Storz Distributing, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Storz Distributing, Inc. with future losses and injuries attributable directly to the violation.

237.     Summit Music Inc. is located in Barberton, OH and operates cigarette vending machines throughout Barberton.  Summit Music Inc. owns and operates 150 cigarette vending machines.  Summit Music Inc. competes with other cigarette retail outlets, including but not limited to Dairy Mart #5407, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Summit Music Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Summit Music Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Summit Music Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Summit Music Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Summit Music Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Summit Music Inc. with future losses and injuries attributable directly to the violation.

238.     T&G Music, Inc. is located in Titusville, FL and operates cigarette vending machines throughout Titusville.  T&G Music, Inc. owns and operates 145 cigarette vending machines.  T&G Music, Inc. competes with other cigarette retail outlets, including but not limited to Cheney Exxon, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  T&G Music, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to T&G Music, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against T&G Music, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between T&G Music, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, T&G Music, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $362,500.00. Defendant's continued misconduct in violation of the law threatens T&G Music, Inc. with future losses and injuries attributable directly to the violation.

239.     T&T Cigarette Service is located in Knoxville, TN and operates cigarette vending machines throughout Knoxville.  T&T Cigarette Service owns and operates 150 cigarette vending machines.  T&T Cigarette Service competes with other cigarette retail outlets, including but not limited to Kwik Pantry #5178, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. T&T Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to T&T Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against T&T Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between T&T Cigarette Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, T&T Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens T&T Cigarette Service with future losses and injuries attributable directly to the violation.

240.     T.D. Rowe Corporation is located in Houston, TX and operates cigarette vending machines throughout Houston.  T.D. Rowe Corporation owns and operates 2880 cigarette vending machines.  T.D. Rowe Corporation competes with other cigarette retail outlets, including but not limited to Chevron, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  T.D. Rowe Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to T.D. Rowe Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against T.D. Rowe Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between T.D. Rowe Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, T.D. Rowe Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $7,200,000.00.  Defendant's continued misconduct in violation of the law threatens T.D. Rowe Corporation with future losses and injuries attributable directly to the violation.

241.    Tharp Vending Company is located in Greenville, TX and operates cigarette vending machines throughout Greenville.  Tharp Vending Company owns and operates 144 cigarette vending machines.  Tharp Vending Company competes with other cigarette retail outlets, including but not limited to Prime Stop #3, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Tharp Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Tharp Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Tharp Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Tharp Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Tharp Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $360,000.00.  Defendant's continued misconduct in violation of the law threatens Tharp Vending Company with future losses and injuries attributable directly to the violation.

242.    The Route, LLC ( A Nebraska LLC) is located in Omaha, NE and operates cigarette vending machines throughout Omaha.  The Route, LLC ( A Nebraska LLC) owns and operates 150 cigarette vending machines.  The Route, LLC ( A Nebraska LLC) competes with other cigarette retail outlets, including but not limited to Anderson BP Food Shops, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  The Route, LLC ( A Nebraska LLC)'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to The Route, LLC ( A Nebraska LLC). Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against The Route, LLC ( A Nebraska LLC) and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between The Route, LLC ( A Nebraska LLC) and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, The Route, LLC ( A Nebraska LLC) has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens The Route, LLC ( A Nebraska LLC) with future losses and injuries attributable directly to the violation.

243.    Tip Top Amusement, Inc. is located in Carson City, NV and operates cigarette vending machines throughout Carson City.  Tip Top Amusement, Inc. owns and operates 39 cigarette vending machines.  Tip Top Amusement, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2236 32303, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Tip Top Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Tip Top Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Tip Top Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Tip Top Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Tip Top Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $97,500.00.  Defendant's continued misconduct in violation of the law threatens Tip Top Amusement, Inc. with future losses and injuries attributable directly to the violation.

244.    Total Service Corporation is located in Marathon, FL and operates cigarette vending machines throughout Marathon.  Total Service Corporation owns and operates 25 cigarette vending machines.  Total Service Corporation competes with other cigarette retail outlets, including but not limited to Mobil OTR #18188, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Total Service Corporation's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Total Service Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Total Service Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Total Service Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Total Service Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $62,500.00.  Defendant's continued misconduct in violation of the law threatens Total Service Corporation with future losses and injuries attributable directly to the violation.

245.     Triple L Vending, Inc. is located in San Antonio, TX and operates cigarette vending machines throughout San Antonio.  Triple L Vending, Inc. owns and operates 80 cigarette vending machines.  Triple L Vending, Inc. competes with other cigarette retail outlets, including but not limited to Exxon #63280, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Triple L Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Triple L Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Triple L Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Triple L Vending, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Triple L Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $200,000.00.  Defendant's continued misconduct in violation of the law threatens Triple L Vending, Inc. with future losses and injuries attributable directly to the violation.

246.    T's Vending Service is located in Lancaster, NY and operates cigarette vending machines throughout Lancaster.  T's Vending Service owns and operates 133 cigarette vending machines.  T's Vending Service competes with other cigarette retail outlets, including but not limited to Noco, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  T's Vending Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to T's Vending Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against T's Vending Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between T's Vending Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, T's Vending Service has been injured in its business and property through losses in sales and profits in an amount not less than $332,500.00. Defendant's continued misconduct in violation of the law threatens T's Vending Service with future losses and injuries attributable directly to the violation.

247.    Tulsa Automatic Music Company is located in Tulsa, OK and operates cigarette vending machines throughout Tulsa.  Tulsa Automatic Music Company owns and operates 150 cigarette vending machines.  Tulsa Automatic Music Company competes with other cigarette retail outlets, including but not limited to Stop & Save, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Tulsa Automatic Music Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Tulsa Automatic Music Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Tulsa Automatic Music Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Tulsa Automatic Music Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Tulsa Automatic Music Company has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Tulsa Automatic Music Company with future losses and injuries attributable directly to the violation.

248.     Turczyn Vending, Inc. is located in Allentown, PA and operates cigarette vending machines throughout Allentown.  Turczyn Vending, Inc. owns and operates 97 cigarette vending machines.  Turczyn Vending, Inc. competes with other cigarette retail outlets, including but not limited to Wawa #137, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Turczyn Vending, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Turczyn Vending, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Turczyn Vending, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Turczyn Vending, Inc. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Turczyn Vending, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $242,500.00.  Defendant's continued misconduct in violation of the law threatens Turczyn Vending, Inc. with future losses and injuries attributable directly to the violation.

249.     Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. is located in Roseburg, OR and operates cigarette vending machines throughout Roseburg.  Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. owns and operates 59 cigarette vending machines. Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. competes with other cigarette retail outlets, including but not limited to Fast Stop Market, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $147,500.00.  Defendant's continued misconduct in violation of the

law threatens Umpqua Jewlers, Inc. d/b/a Umpqua Amusements, Inc. with future losses and injuries attributable directly to the violation.

250.    United Vending Company, Inc. is located in Lewiston, ME and operates cigarette vending machines throughout Lewiston.  United Vending Company, Inc. owns and operates 39 cigarette vending machines.  United Vending Company, Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #2466 32544, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  United Vending Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to United Vending Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against United Vending Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between United Vending Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, United Vending Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $97,500.00.  Defendant's continued misconduct in violation of the law

threatens United Vending Company, Inc. with future losses and injuries attributable directly to the violation.

251.    Universal Amusement Company is located in Wilmington, DE and operates cigarette vending machines throughout Wilmington.  Universal Amusement Company owns and operates 125 cigarette vending machines.  Universal Amusement Company competes with other cigarette retail outlets, including but not limited to Wawa #801, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Universal Amusement Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Universal Amusement Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Universal Amusement Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Universal Amusement Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Universal Amusement Company has been injured in its business and property through losses in sales and profits in an amount not less than $312,500.00.  Defendant's continued

misconduct in violation of the law threatens Universal Amusement Company with future losses and injuries attributable directly to the violation.

252.    Vend Alaska is located in Anchorage, AK and operates cigarette vending machines throughout Anchorage.  Vend Alaska owns and operates 29 cigarette vending machines.  Vend Alaska competes with other cigarette retail outlets, including but not limited to Tesoro To Go #7, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Vend Alaska's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Vend Alaska. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Vend Alaska and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Vend Alaska and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Vend Alaska has been injured in its business and property through losses in sales and profits in an amount not less than $72,500.00. Defendant's continued misconduct in violation of the law threatens Vend Alaska with future losses and injuries attributable directly to the violation.

253.    Venture Vending Inc. is located in Baltimore, MD and operates cigarette vending machines throughout Baltimore.  Venture Vending Inc. owns and operates 150 cigarette vending machines.  Venture Vending Inc. competes with other cigarette retail outlets, including but not limited to 7-Eleven #1403 11628, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Venture Vending Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Venture Vending Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Venture Vending Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Venture Vending Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Venture Vending Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Venture Vending Inc. with future losses and injuries attributable directly to the violation.

254.    Veterans Vending is located in De Soto, KS and operates cigarette vending machines throughout De Soto.  Veterans Vending owns and operates 150 cigarette vending machines.  Veterans Vending competes with other cigarette retail outlets, including but not limited to Desoto J Mart, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Veterans Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Veterans Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Veterans Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Veterans Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Veterans Vending has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00.  Defendant's continued misconduct in violation of the law threatens Veterans Vending with future losses and injuries attributable directly to the violation.

255.    Vinson Amusement Company, Inc. is located in Chillicothe, MO and operates cigarette vending machines throughout Chillicothe.  Vinson Amusement Company, Inc. owns and operates 16 cigarette vending machines.  Vinson Amusement Company, Inc. competes with other cigarette retail outlets, including but not limited to Lickety Split 66, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Vinson Amusement Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Vinson Amusement Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Vinson Amusement Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Vinson Amusement Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Vinson Amusement Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $40,000.00.  Defendant's continued misconduct in violation of the law threatens Vinson Amusement Company, Inc. with future losses and injuries attributable directly to the violation.

256.     Watkins Music Company, Inc. is located in Albemarle, NC and operates cigarette vending machines throughout Albemarle. Watkins Music Company, Inc. owns and operates 72 cigarette vending machines. Watkins Music Company, Inc. competes with other cigarette retail outlets, including but not limited to Alco #20, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Watkins Music Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Watkins Music Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Watkins Music Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Watkins Music Company, Inc. and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Watkins Music Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $180,000.00. Defendant's continued misconduct in violation of the law threatens Watkins Music Company, Inc. with future losses and injuries attributable directly to the violation.

257.    Watson's Vending & Foodservice, Inc. is located in Sheboygon, WI and operates cigarette vending machines throughout Sheboygon.  Watson's Vending & Foodservice, Inc. owns and operates 51 cigarette vending machines.  Watson's Vending & Foodservice, Inc. competes with other cigarette retail outlets, including but not limited to KWIK TRIP #780, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Watson's Vending & Foodservice, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Watson's Vending & Foodservice, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Watson's Vending & Foodservice, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Watson's Vending & Foodservice, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Watson's Vending & Foodservice, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $127,500.00.  Defendant's continued misconduct in violation of the law threatens Watson's Vending & Foodservice, Inc. with future losses and injuries attributable directly to the violation.

258.     West End Vending Company is located in Pewaukee, WI and operates cigarette vending machines throughout Pewaukee.  West End Vending Company owns and operates 131 cigarette vending machines.  West End Vending Company competes with other cigarette retail outlets, including but not limited to Pick N Save #6358, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  West End Vending Company's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to West End Vending Company. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against West End Vending Company and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between West End Vending Company and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, West End Vending Company has been injured in its business and property through losses in sales and profits in an amount not less than $327,500.00. Defendant's continued misconduct in violation of the law threatens West End Vending Company with future losses and injuries attributable directly to the violation.

259.    Whipple Cigarette Machine Service is located in Columbus, GA and operates cigarette vending machines throughout Columbus.  Whipple Cigarette Machine Service owns and operates 47 cigarette vending machines.  Whipple Cigarette Machine Service competes with other cigarette retail outlets, including but not limited to Citgo #203, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Whipple Cigarette Machine Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Whipple Cigarette Machine Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Whipple Cigarette Machine Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Whipple Cigarette Machine Service and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Whipple Cigarette Machine Service has been injured in its business and property through losses in sales and profits in an amount not less than $117,500.00.  Defendant's continued misconduct in violation of the law threatens Whipple Cigarette Machine Service with future losses and injuries attributable directly to the violation.

260.    Wisconsin P & P Amusement is located in Brookfield, WI and operates cigarette vending machines throughout Brookfield. Wisconsin P & P Amusement owns and operates 150 cigarette vending machines. Wisconsin P & P Amusement competes with other cigarette retail outlets, including but not limited to Casey's #2186, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. Wisconsin P & P Amusement's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Wisconsin P & P Amusement. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Wisconsin P & P Amusement and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Wisconsin P & P Amusement and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Wisconsin P & P Amusement has been injured in its business and property through losses in sales and profits in an amount not less than $375,000.00. Defendant's continued misconduct in violation of the law threatens Wisconsin P & P Amusement with future losses and injuries attributable directly to the violation.

261.    Wonder Novelty Company, Inc. is located in St. Louis, MO and operates cigarette vending machines throughout St. Louis.  Wonder Novelty Company, Inc. owns and operates 117 cigarette vending machines.  Wonder Novelty Company, Inc. competes with other cigarette retail outlets, including but not limited to N&M Food Market, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers.  Wonder Novelty Company, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Wonder Novelty Company, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Wonder Novelty Company, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Wonder Novelty Company, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Wonder Novelty Company, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $292,500.00.  Defendant's continued misconduct in violation of the law threatens Wonder Novelty Company, Inc. with future losses and injuries attributable directly to the violation.

262.    World Wide Vending is located in Van Nuys, CA and operates cigarette vending machines throughout Van Nuys.  World Wide Vending owns and operates 42 cigarette vending machines.  World Wide Vending competes with other cigarette retail outlets, including but not limited to 7-Eleven #2136 19102, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Lights, to adult consumers. World Wide Vending's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to World Wide Vending. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against World Wide Vending and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between World Wide Vending and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, World Wide Vending has been injured in its business and property through losses in sales and profits in an amount not less than $105,000.00.  Defendant's continued misconduct in violation of the law threatens World Wide Vending with future losses and injuries attributable directly to the violation.

263.    General Vending Services, Inc. is located in Fort Lauderdale, FL and operates cigarette vending machines throughout Fort Lauderdale, FL.  General Vending Services,

Inc. owns and operates 101 cigarette vending machines.  General Vending Services, Inc.

competes with other cigarette retail outlets, including but not limited to Winn Dixie #339,

in the sale of Defendant's cigarette brands, including but not limited to Newport and

Newport Light.  General Vending Services Inc.'s retail competitors receive promotional

benefits directly from Defendant, which include but are not limited to: advertising and

display payments, inventory payments, consumer promotions, consumer price rebates and

buy-down promotions.  Neither the aforementioned promotional benefits, nor any

proportionally equivalent benefits, are made available to General Vending Services, Inc.

Defendant's cigarette brands and retail promotional benefits move continuously in a

stream of interstate commerce.  Defendant's discrimination in price and benefits against

General Vending Services, Inc. and in favor of its other retail customers has the effect of

substantially lessening competition in the sale of cigarettes on a per pack basis to adult

consumers in the marketplace.  Defendant's misconduct adversely affects and injures,

suppresses and eliminates competition between General Vending Services, Inc.  and

Defendant's favored retail customers.  By reason of Defendant's discrimination in price

and benefits, General Vending Services, Inc. has been injured in its business and property

through losses in sales and profits in an amount not less than $353,500.00.  Defendant's

continued misconduct in violation of the law threatens General Vending Services, Inc.

with future losses and injuries attributable directly to the violation.

264.    G&G Amusement, Inc. is located at 6415 Canning Street, Commerce, CA., and

operates cigarette vending machines throughout Commerce, CA.  G&G Amusement, Inc.

owns and operates 105 cigarette vending machines.  G&G Amusement, Inc. competes

with other cigarette retail outlets, including but not limited to 7-Eleven #18090, in the

sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  G&G Amusement, Inc.'s retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to G&G Amusement, Inc. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against G&G Amusement, Inc. and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between G&G Amusement, Inc. and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, G&G Amusement, Inc. has been injured in its business and property through losses in sales and profits in an amount not less than $262,500.00.  Defendant's continued misconduct in violation of the law threatens G&G Amusement, Inc. with future losses and injuries attributable directly to the violation.

265.    Atomic Vending Corporation is located at 1815 Primrose Lane, Wellington, FL., and operates cigarette vending machines throughout Wellington, FL.  Atomic Vending Corporation owns and operates 165 cigarette vending machines.  Atomic Vending Corporation competes with other cigarette retail outlets, including but not limited to Winn Dixie #202, in the sale of Defendant's cigarette brands, including but not limited to Newport and Newport Light, to adult consumers.  Atomic Vending Corporation's retail

competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions.  Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Atomic Vending Corporation. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce.  Defendant's discrimination in price and benefits against Atomic Vending Corporation and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace.  Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Atomic Vending Corporation and Defendant's favored retail customers.  By reason of Defendant's discrimination in price and benefits, Atomic Vending Corporation has been injured in its business and property through losses in sales and profits in an amount not less than $412,500.00.  Defendant's continued misconduct in violation of the law threatens Atomic Vending Corporation with future losses and injuries attributable directly to the violation.

WHEREFORE, Plaintiffs pray the Court enter judgment against Defendant, as follows:

1. Certify as a class, all owners and operators of cigarette vending machines in the United States;

2. Award damages in an amount compensating Plaintiffs and members of the class for their injuries and apportioned among Plaintiffs, trebled, their costs and reasonable attorneys fees;

3.   Issue an injunction prohibiting Defendant from paying promotional

benefits, fees, rebates, and buy-downs to Plaintiffs' retail competitors;

and,

4.   Such other relief as the Court may deem just and proper.


Dated: 12/10/04                          Respectfully submitted,
                                         **McFADDEN & SHOREMAN, LLC**


                                         /s/
                                         _____
                                         Douglas B. McFadden (151761)
                                         John M. Shoreman
                                         1900 L Street, N.W.
                                         Suite 502
                                         Washington, D.C.  20036
                                         (202) 638-2100
                                         *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2004, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification of

such filing to the following:

Irving Scher, Esq.
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY  10153

Jack O. Kalmink, Esq.
500 Woodward Avenue, Suite 3500
Detroit, MI  48226-3435

/s/
_____
John M. Shoreman (407626)
McFadden & Shoreman, LLC
1900 L Street, N.W., Suite 502
Washington, DC  20036
(202) 638-2100